**MORAN v. LOWE, Deputy Commissioner, Second Compensation District of United States Employees Compensation Commission, et al.**

No. C–2349.

District Court, D. New Jersey.

Oct. 6, 1943.

Theodore Rabinowitz, of Jersey City, N. J. (Abraham J. Slurzberg, of Jersey City, N. J., of counsel), for plaintiff.

Charles M. Phillips, U. S. Dist. Atty., of Trenton, N. J., for defendants.

MEANEY, District Judge.

The United States Attorney, appearing in behalf of the Deputy Commissioner of the Second Compensation District of the United States Employees Compensation Commission, has moved to strike out the complaint filed herein by the plaintiff on the ground that it fails to state a claim upon which relief can be granted.

It alleges that on the merits shown in the complaint, the injunctive relief asked for against the operation of the judgment entered by the Deputy Commissioner should not be granted because the said judgment was proper in law and was supported by competent evidence, and should therefore be considered by this court as final and conclusive; and, secondly, that the alternative relief prayed by the plaintiff, namely, for a trial de novo, is not allowable since no constitutional jurisdictional question exists which would entitle this court to grant such relief.

The plaintiff insists that the right to a trial de novo on jurisdictional matters is an absolute right which may not be denied, citing as the basis for its contention Crowell v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598.

Upon an examination of the record, the court feels that there is ground for the conclusions arrived at by the Deputy Commissioner, and that these findings are properly based upon evidence with no errors of law, and therefore the plaintiff has no right to demand a redetermination of the facts thus found.

Insofar as the contention of the plantiff that the case of Crowell v. Benson, previously cited, is authority for the claim that the plaintiff has a right to demand a trial de novo, such an interpretation of the case would nullify the whole purpose of the creation of the Commission for determination of compensation matters. If a trial de novo were a matter of right, without discretion of the reviewing court, then the Commission would have no proper reason for existence, and all matters relating to employee's compensation might more effectively be heard by this court in the first instance without preliminary recourse to futile appearances before the Commission.

The purport of the complaint herein is not to request this court to exercise its jurisdiction to deny effect to any finding which is without evidence or "contrary to the 'indisputable character of the evidence'," or in which the hearing was "inadequate" or "unfair" or arbitrary in any respect. Interstate Commerce Commission v. Louisville & N. R. Co., 227 U.S. 88, 33

S.Ct. 185, 187, 57 L.Ed. 431. It does not therefore set forth a claim which is justiciable in this court under the circumstances.

 The fact that the Deputy Commissioner passed on the motion of counsel for the Pennsylvania Railroad to dismiss the claim below, without continuing the hearing to give plaintiff herein opportunity to produce medical testimony, while it may have been arbitrary, was not such arbitrary action as would warrant interference by this court with the Deputy Commissioner's disposition of the claim.

The motion to dismiss the complaint is granted.