## BABICH v. LOWE, Deputy Com'r of United States Employees' Compensation Commission, et al.
### Civil Action No. 3020.

District Court, D. New Jersey.

Oct. 11, 1944.

Morris B. Kantoff, of Newark, N. J., and Alexander A. Doblin, of New York City, for plaintiff, Peter Babich.

Thorn Lord, U. S. Atty., of Trenton, N. J., and Edgar H. Rossbach, Asst. U. S. Atty., of Newark, N. J., for defendant.

MEANEY, District Judge.

This action was instituted under Section 21 of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 921, to set aside as contrary to law a compensation order filed by Deputy Commissioner Samuel S. Lowe, rejecting the claim of the plaintiff, Peter Babich, for compensation for injuries allegedly sustained in the course of his employment.

The complaint herein filed sets forth the factual basis for the claim of the plaintiff and recites the finding of the Deputy Commissioner that "claimant's condition is not the result of accidental injury sustained in the course of his employment." It alleges that the said order was not in accordance with law, and contrary to the facts and against the evidence, and prays that an injunction issue restraining the defendant from enforcing the order of the Deputy Commissioner, based on his findings, further requesting that the said order be vacated and the compensation claim be allowed.

The United States Attorney, appearing for the Deputy Commissioner of the United States Employees' Compensation Commission, moved to dismiss the complaint against the Deputy Commissioner, on the ground that the decision of the Deputy Commissioner stated a finding of fact which was final and conclusive, and that therefore the complaint was insufficient in

law to establish a cause of action, and that the complaint was defective in that it failed to present any question of law properly subject to review.

The claimant in his claim for compensation alleged that he suffered from rheumatoid arthritis which he incurred in the course of his employment as an electrician's helper with Tietjen & Lang Dry Dock Company.

Hearing was had before the Deputy Commissioner and testimony, including medical evidence, adduced in behalf of both parties. After consideration of such evidence, the Deputy Commissioner determined that the claim should be rejected. There was a division of opinion between the doctors who testified at the trial as to the nature and cause of the affliction with which the claimant was affected. This conflict was resolved by the Deputy Commissioner against the claimant, by his finding that claimant suffered from rheumatic fever a systemic condition of infectious origin which did not arise out of any accidental injury sustained during his employment, or because of conditions under which he was required to work.

The court conceives this to be a question of fact well within the province of the Deputy Commissioner to determine. It is well settled that this court will not review a determination of fact and where there is substantial evidence present in the testimony upon which the Deputy Commissioner may properly base his conclusions, this court will not go into the question of determining the weight of the evidence, nor determine whether or not its deductions from the evidence alleged would be identical with those of the Deputy Commissioner. Carrington Kellum v. Bethlehem Steel Corporation, D.C., 49 F.Supp. 816.

This proceeding may not present the matter as one of first impression, and the court, in the absence of compelling reasons, must accept the findings of the Deputy Commissioner who is designated by the Compensation Act as the sole trier of the facts in such cases. Henderson v. Pate Stevedoring Company, 5 Cir., 134 F.2d 440. Also Moran v. Samuel S. Lowe, D. C., 52 F.Supp. 39, in memorandum filed by this court on October 6, 1943.

It would appear, therefore, that the complaint affords insufficient basis for the relief asked, and the motion of the United States Attorney is granted.