**LUCKENBACH S. S. CO., Inc., et al. v. LOWE et al.**

No. 10501.

United States District Court
E. D. Pennsylvania.

April 11, 1951.

Conlen, LaBrum & Beechwood, Philadelphia, Pa., for plaintiff.

James P. McCormick, Asst. U. S. Atty., Philadelphia, Pa., for defendant Lowe.

Floyd W. Tompkins, Philadelphia, Pa., for defendant Feinauer.

McGRANERY, District Judge.

Plaintiff seeks to set aside an award of death benefits made by the Deputy Commissioner of the United States Employees Compensation Commission, under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., requesting a trial de novo on the issues of jurisdiction, i. e. the place of the injury and whether there was the master-servant relationship. The Deputy Commissioner moves to dismiss the complaint.

The right to a trial de novo on the jurisdictional facts is claimed under the doctrine of Crowell v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598. Without lengthy comment on this widely discussed case, the Court has observed that in cases under the Longshoremen's Act, the doctrine has displayed an endurance remarkable in view of its fate in other fields of administrative law. See Schwartz, "Does the Ghost of 'Crowell v. Benson' Still Walk?", 98 U. of Pa.L.Rev. 163 (1949). The case has not been specifically overruled by the Supreme Court, cf. Mr. Justice Frankfurter's concurring opinion in Estep v. U. S., 327 U.S. 114, 142, 66 S.Ct. 423, 90 L.Ed. 567; N.L.R.B. v. Hearst Publications, 322 U.S. 111, 64 S.Ct. 851, 88 L. Ed. 1170; and it remains as a strange anachronism under the Longshoremen's Act. Nevertheless, although Crowell v. Benson did construe that Act to empower the district court to try de novo the issues of jurisdictional fact, see Lowe v. Central R. Co. of New Jersey, 3 Cir., 113 F.2d 413, 414, the Act was not construed to compel the

court to do so without the exercise of discretion. Moran v. Lowe, D.C., 52 F.Supp. 39; Larson, "The Doctrine of 'Constitutional Fact'", 15 Temple L.Q. 185, 206 (1941). It appears that the evidence upon the so-called questions of jurisdictional fact has been fully and completely presented before the Deputy Commissioner and the plaintiff does not allege that he has new or different evidence to present to the Court; nor does the plaintiff advance any other valid reason why there should be a new record. On the contrary, he merely claims a trial de novo as of right. This Court is unwilling to hear de novo the same testimony already offered before the Deputy Commissioner. An examination of the record reveals that there is adequate support for all of the Deputy Commissioner's findings, and his order is in accordance with the law. Therefore, the motion to dismiss will be granted.