Elmer W. BROWN, Appellant,

v.

ALASKA INDUSTRIAL BOARD, Alaska Aggregate Corporation and Morrell P. Totten & Company, Inc., Appellees.

No. 14566.

United States Court of Appeals Ninth Circuit.

June 28, 1955.

John H. Dimond, Juneau, Alaska, Roy E. Jackson, Seattle, Washington, for appellant.

J. Gerald Williams, Atty. Gen., Territory of Alaska, Faulkner, Banfield & Boochever, Juneau, Alaska, for appellees.

Before DENMAN, Chief Judge, BONE, Circuit Judge, and LINDBERG, District Judge.

DENMAN, Chief Judge.

Brown, a workman, suffering a temporary industrial injury to his knee while employed by Alaska Aggregate Corporation, appeals from an order of the United States District Court for the District of Alaska affirming an award of the Alaska Industrial Board for the injury.

This is one of the many industrial accident cases arising in Alaska, an area in which the difference between summer and winter climate causes a large number of employees to engage in two different employments in the course of the year. Many are employed in Alaska in the seasonal employment there and at other times in the States.

The Alaska statute provides, so far as pertinent:

"The average daily wage earning capacity of an injured employee in case of temporary disability shall be determined by his actual earnings if such actual earnings fairly and reasonably represent his daily wage earning capacity. *If such earnings do not fairly and reasonably represent his daily wage earning capacity, the Industrial Board shall fix such daily wage earning capacity as shall be reasonable and have a due regard [a] for the nature of his injury, [b] the degree of temporary impairment, [c] his usual employment and [d] any other factor or circumstance in the case which may affect his capacity to earn wages in his temporary disabled condition."* [Emphasis supplied.] § 43-3-1, A. C.L.A.1949.

The law further requires the Board to make "findings" (plural) of fact justifying the ultimate fact of the amount of the award, it providing that the Board "shall make an award and file the same with the *findings* on which it is based."

In the case, say, of an outdoor employee it is apparent that if his temporary disablement ends before the end of such outdoor employment, his award will be based on the wage he was receiving when injured. It is where the temporary disablement extends beyond the end of the Alaska seasonal activity in which he is employed that the provisions of the Act marked [a], [b] and [c] have to be invoked by the Commission.

The stipulated facts in the instant case in part are that Brown, a foreman in a surface mining operation on September 15, 1952, suffered a knee injury by being struck by a steel girder and that he was paid the wages of such a foreman until he ceased his employment in Alaska to go to the State of Washington where his temporary injury ended on the following February 15th.

In this situation it was necessary that the Board make findings of fact on the following:

1) Whether when Brown's employment terminated his employer continued to operate and if so whether Brown ceased to work on account of his injury. If the employment so continued, and Brown ceased work on account of his injury, what wages Brown would have earned in that remaining period;

2) The wages Brown would have earned in the State of Washington for the period from the end of the employer's activity to February 15, 1953, when his temporary injury ceased.

Instead of making findings respecting these facts the Board merely found as follows:

"The files in this case show applicant earned $6,126.48 during the

year 1951 and earned $10,005.81 during the year 1952, as evidenced by copies of his Internal Revenue filings."

■ The Board acted arbitrarily in failing to follow the mandate of the statute. Although appellant failed to urge this point below or in his statement of points, this court can consider manifest error appearing on the face of the record. Hormel v. Helvering, 312 U.S. 552, 557, 61 S.Ct. 719, 85 L.Ed. 1037; N. L. R. B. v. Red Spot Electric Co., 9 Cir., 191 F.2d 697, 699; Wayne v. New York Life Ins. Co., 8 Cir., 132 F.2d 28, 37.

The orders of the District Court and the Board are reversed and the case remanded to the Board to proceed in conformity with this opinion.