**John GISKE, Appellant,**

v.

**ALASKA INDUSTRIAL BOARD, Halferty Canneries, Inc., and D. K. MacDonald & Co., Appellees.**

**No. 14567.**

United States Court of Appeals Ninth Circuit.

June 28, 1955.

John H. Dimond, Juneau, Alaska, Roy E. Jackson, Seattle, Wash., for appellant.

J. Gerald Williams, Atty. Gen., Territory of Alaska, Faulkner, Banfield & Boochever, Juneau, Alaska, for appellees.

Before DENMAN, Chief Judge, BONE, Circuit Judge, and LINDBERG, District Judge.

DENMAN, Chief Judge.

Giske appeals from a decision of the United States District Court of the First District of Alaska, affirming an award of the Alaska Industrial Board, hereafter the Board, for his temporary disablement while employed by D. K. MacDonald & Co., hereafter the Employer. The award of the Board was based on Giske's daily earning capacity of $3.88.

The Chairman of the Board determined the appellant's average daily earning capacity during the period of his disability was $7.05.

He made the following findings of fact:

"John J. Giske, a 68 year old male, while employed as a net boss by Halferty Canneries, Inc., at Cordova, Alaska, on September 3, 1952, suffered an accidental injury resulting in temporary disability from a fall in which his right leg was twisted and cut between the ankle and knee. Temporary disability continued from September 27, 1952, to January 1, 1953. Applicant's regular employment was that of net boss or web foreman. In this capacity his total earnings during the year 1951, the year previous to the accident, amounted to $2,540, all of which earnings were received from Halferty Canneries, Inc. In 1952, for the period January 1 to September 27, his earnings were $2,292.59. Photostatic copies of the withholding statements for the years 1948, 1949 and 1950 show that Giske customarily had additional earnings while employed by marine supply firms in Seattle. These earnings range from $288 in 1948, $648 in 1949 and $399.60 in 1950. There were no such additional earnings in 1951. There is no showing either that Giske would or would not have had additional earnings except for his disability due to the injury and, accordingly, the Board assumes that his actual 1951 earnings fairly and reasonably represent his wage earning capacity in view of his age, disability and most recent work pattern. This average daily wage earning capacity is computed by dividing $2,540 by 360."

Obviously the Chairman did not feel that appellant's "actual earnings" reasonably represented his earning capacity. § 43-3-1 A.C.L.A.1949. Thus he fixed "such daily wage earning capacity as shall be reasonable." § 43-3-1. Unlike the case of Brown v. Alaska Industrial Board, 9 Cir., 224 F.2d 680, the findings made by the Chairman show he did make his findings on those matters which the statute directs him to consider.

On review by the full board the following order was entered:

"The Decision in this matter made on August 13, 1953 is set aside and applicant is awarded compensation for temporary total disability from September 27, 1952 to December 31, 1952, inclusive. The average daily wage earning capacity is hereby fixed at $3.88."

I. The Findings Of The Board Are Adequate.

Appellant contends that the Board must be reversed because it failed to make findings of fact in accordance with § 43-3-16 A.C.L.A.1949. This

point is for the first time raised in the brief on appeal. A reasonable construction of the Board's order together with the Chairman's findings is that the Board adopted his findings but not his conclusion. Hence the requisite findings are present.

II. There Is Substantial Evidence To Support The Board's Determination.

Although appellant earned an average daily wage of $17.63 while engaged in the occupation which resulted in his injury, the Board found that appellant failed to maintain his burden of proof on the question of whether his employment would have continued but for his injury. His average daily wage during the off-season was $2.12 based on the last three years. The Board allowed him compensation based on a $3.88 average daily wage. Appellant is in no position to complain that this figure is greater than his average daily wage during the off-season for the past three years. There is substantial evidence to support the Board's award.

The judgment is affirmed.