Ivo **LAZERIVICH**, Plaintiff,

v.

Thomas F. **HUGHES**, Deputy Commissioner, Second Compensation District, Defendant.

United States District Court
S. D. New York.
Sept. 21, 1960.

Lewis C. Leighton, New York City, for plaintiff.

S. Hazard Gillespie, Jr., U. S. Atty., S. D. New York, New York, City, Stephen Kurzman, Asst. U. S. Atty., New York City, of counsel, for defendant.

EDELSTEIN, District Judge.

This is an action for an injunction pursuant to § 21 of the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424, 33 U.S.C.A. § 921, to set aside an order filed by defendant, the Deputy Commissioner, rejecting plaintiff's claim for compensation for permanent total disability. The case is here on cross motions for summary judgment. Rule 56, F.R.Civ.P., 28 U.S.C.A.

534

Plaintiff was injured on August 21, 1951, while employed as a longshoreman on board the S.S. Liberte, when he was struck on the head by a cake of ice which had slipped. The employer furnished plaintiff with medical treatment and other services pursuant to § 7(a) of the Act, 33 U.S.C.A. § 907(a). The compensation carrier paid compensation for temporary total disability and then for temporary partial disability until August, 1957. Payments were then suspended because plaintiff had received a total amount of $11,000, the maximum partial disability compensation provided for by the statute in force at the date of the injury.

A claim was then filed with the District Commissioner for further compensation on the ground that plaintiff had a permanent total disability. Two hearings were held, during which plaintiff and the carrier offered medical and other testimony. On October 27, 1959, the Deputy Commissioner filed his order rejecting plaintiff's claim for permanent total disability compensation on the ground that plaintiff was not permanently and totally disabled from engaging in gainful employment.[1]

■ It is well established that the scope of review of administrative orders under the Act is a limited one. "The applicable rule as to the scope of permissible judicial review is that established by the Administrative Procedure Act of June 11, 1946, 60 Stat. 237, 5 U.S.C.A.

§ 1001 et seq. Its effect, as made clear in O'Leary v. Brown-Pacific-Maxon, 340 U.S. 504, 508, 71 S.Ct. 470, 95 L.Ed. 483, is that where, on the record considered as a whole in the light of Universal Camera Corp. v. Labor Board, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456, there is substantial evidence to support the administrative findings of fact they are to be accepted and given effect by the courts." Gooding v. Willard, 2 Cir., 209 F.2d 913, 916. Where, as here, the ultimate conclusion turns on the credibility and reliability of conflicting sets of medical witnesses, and where one set of testimony is not so inherently improbable as to be unworthy of belief as a matter of law, the determination of the trier of fact as to which set is more reliable will not be disturbed. Gooding v. Willard, supra. And where diverse inferences may be drawn from the facts, the court will not substitute its own findings for those of the Deputy Commissioner. O'Leary v. Brown-Pacific-Maxon, 340 U. S. 504, 71 S.Ct. 470, 95 L.Ed. 483; Cardillo v. Liberty Mutual Ins. Co., 330 U.S. 469, 67 S.Ct. 801, 91 L.Ed. 1028; Coscia v. Willard, 2 Cir., 257 F.2d 105.

■ Section 2(10) of the Act is clear that the test to be applied in determining disability is earning capacity.[2] United Engineering Co. v. Pillsbury, D.C.N.D. Cal., 92 F.Supp. 898; see also Flores v. Bay Ridge Operating Co., 2 Cir., 131 F. 2d 310. In determining whether the claimant's lack of earning capacity is

1. After setting out his findings as to the occurrence of the accident, the type of injuries sustained and the amount of payments already made, the Deputy Commissioner found:
"That the claimant was born in Austro-Hungary (Yugoslavia); that the claimant in his pre-injury life had an extensive scholastic and vocational education; that in his business life prior to said injury, claimant was affluent due to the successful management and operation of his privately owned enterprises; that the claimant professes an ability to understand and converse in five foreign languages, in addition to English; that as a result of the injury the claimant is permanently partially disabled; that with due consideration to his age, educational

background and business experiences, he is capable of securing restricted gainful employment; that the claimant is not permanently and totally disabled from engaging in gainful employment.
"Upon the foregoing facts, the claim for permanent total disability be and it is hereby rejected on the following ground:
"That the claimant is not permanently and totally disabled from engaging in gainful employment."

2. 33 U.S.C.A. § 902 provides, inter alia:
"(10) 'Disability' means incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment."

partial or total, physical condition is not the sole measure. Godfrey v. Henderson, 5 Cir., 222 F.2d 845; Flores v. Bay Ridge Operating Co., supra. "[F]actors such as the nature and extent of the physical injury, age, experience, education, mentality and capabilities, may lead to different conclusions in different cases." Employers Liability Assurance Corp. v. Hughes, D.C.S.D.N.Y., 188 F. Supp. 623. In reaching his conclusion that the claimant was not incapable of obtaining gainful employment, the Deputy Commissioner considered the above mentioned factors and applied the proper test.

■ Upon a careful review of the entire record and considering both the statutory definition of disability and the provision in § 8(a) of the Act, 33 U.S.C.A. § 908(a), that in all cases other than those specified "permanent total disability shall be determined in accordance with the facts," this court cannot say that the findings of the Deputy Commissioner were unsupported by substantial evidence. The testimony of Doctor Stanley Steller, a neurological surgeon, was to the effect that the degree of limitation of motion was not sufficient to prevent plaintiff from doing light work which did not entail constant lifting or bending, such as bench or desk work, and that plaintiff's major concern was with his personal and social problems and a deep-rooted personality disorder. The report of Doctor Aaron Bell which was received in evidence found that plaintiff's disability kept him only from doing heavy work and that his major trouble was in his attitude and approach to his problems. Furthermore, Milton Finkelman, a rehabilitation counselor with the New York State Educational Department testified as to the services his agency had made available to plaintiff and his opinion of plaintiff's employment capability.

Since there is substantial evidence on the record as a whole to support the findings of the Deputy Commissioner, summary judgment for plaintiff is denied and defendant's motion for summary judg-

ment is granted. "In view of the humanitarian purpose of the Longshoremen's and Harbor Workers' Compensation Act, * * * this conclusion has not been easily reached. But if the integrity of the administrative process is to be preserved in this case, the Deputy Commissioner's order must be upheld." Coscia v. Willard, 2 Cir., 257 F.2d 105, 108.

Settle order on notice.