**ALASKA REDI–MIX, INC., Appellant,**

v.

**ALASKA WORKMEN'S COMPENSATION BOARD, State of Alaska, and Genevieve L. Wheeler, Appellees.**

No. 692.

Supreme Court of Alaska.

Aug. 15, 1966.

Howard Staley, McNealy & Merdes, Fairbanks, for appellant.

William B. Emmal, Fairbanks, for appellee Genevieve L. Wheeler.

OPINION

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

RABINOWITZ, Justice.

In this appeal appellant seeks reversal of a compensation order of the Alaska Workmen's Compensation Board. The Board's award was sustained by the superior court and appellant thereafter appealed to this court from the superior court's denial of its motion for summary judgment and affirmance of the Board's compensation order.

Appellant urges us to reverse on three separate grounds, namely: that the superior court erred in not remanding the case to the Board because the record upon which the Board based its decision was "garbled and unintelligible"; that the Board's compensation order omitted any finding to the

effect that Marshall Wheeler's (husband of appellee Genevieve Wheeler) death arose out of and in the course of his employment by appellant; and that the superior court erred in not remanding the case to the Board for the purpose of permitting the Board to consider the testimony of two physicians which the Board had previously rejected.

· This case was commenced in August of 1962, when appellee-claimant Genevieve Wheeler filed an application for compensation with the Board. A hearing was held before the Board on October 13, 1962.[1] At this first hearing appellee produced testimony from six witnesses, including the testimony of Doctor Walter R. Fischer, a pathologist.[2] Then, on September 25, 1963, the Board entered a compensation order in which it awarded death benefits to appellee.[3]

Subsequent to the Board's order of September 25, 1963, appellant filed an application for review by the full Workmen's Compensation Board.[4] After the conclu-

sion of some rather dubious procedures, the Board granted appellant's application for full Board review.[5] What impresses us as unusual in the Board's handling of this application is that after appellant had filed its application for review a Board member wrote to counsel for appellant requesting that an affidavit be submitted in support of one of the grounds alleged as a basis for review. The Board omitted to send a copy of this letter to counsel for appellee-claimant. Counsel for appellant replied and on the basis of this letter, appellant's application was granted. It was not until the Board informed counsel for claimant of its decision to grant the application that appellee and her counsel were furnished with a copy of counsel for appellant's letter to the Board.

Thereafter, in response to a letter from claimant's counsel, the Board advised respective counsel that:

* * * the makeup of the Board in January will be completely different from that which heard this matter originally, so all evidence should be resubmitted.

1. The Board, at the time of the October 13, 1962, hearing, consisted of A. J. Kucklick and Louis Shaffer.

2. Apparently after the initial hearing on October 13, 1962, additional evidence was received on January 14, 1963. This additional evidence consisted of the testimony of appellant's witness Doctor Donald Tatum.

3. In its compensation order of September 25, 1963, the Board found in part as follows:

It is the finding of this Board that Marshall E. Wheeler became deceased on July 20, 1962, as the result of an injury arising out of and in the course of employment, to-wit: A coronary arteriosclerosis with thromboses, resulting in recent and fresh myocardial infarctions suffered as a result of working conditions arising out of and in the course of his employment as a truck driver.

4. AS 23.30.125(b) provides:

If an application for review is made to the board within 10 days from the date of an award, by less than all the members, the full board, if the first hearing was not held before the full

board, shall review the evidence or if considered advisable, shall hear the parties at issue and the representatives and witnesses as soon as practicable. The board shall make and file an award with the findings of fact on which it is based, and send a copy to each of the parties immediately.

5. Two of the grounds urged by appellant in support of its application for review were:

2. That the members at the hearings, or at least one of them, was given evidence of decedent Wheeler's activities, not in the presence of defendant, and which at least defendant's carrier had no opportunity to controvert, as counsel is informed and so believes.

3. That two doctors testified, Dr. Fisher, a pathologist, stating death was caused by exertion. Dr. Tatum, a Board Internist, testified that exertion did not cause the death of Wheeler. We believe that Board erred in completely ignoring the testimony of a qualified internist and heart man to favor one who admitted his field is pathology.

When the matter came before the Board for hearing on January 17, 1964,[6] Mr. Kirkbride stated at the opening of the proceedings that:

> * * * I want to point out that on December 27, 1963, I wrote to Mr. Emmal in response to his inquiry and told him that we * * * the Board would hear this entire matter and that all evidence should be resubmitted. I want to add to that, that the Board is going to review the transcript of the original hearing and the medical evidence.

Counsel for appellee-claimant then stated that he was "going to submit it on the original record." After considerable discussion, it was agreed that counsel for appellant would have until February 17, 1964, within which to submit Doctor Donald Tatum's testimony by way of answers to interrogatories and then the matter was to be reviewed by the Board.

Subsequently counsel for appellant submitted to the Board not only Doctor Tatum's testimony but also attempted to submit interrogatories addressed to and the answers of Doctors Winthrop Fish and Arthur J. Schaible. Counsel for claimant objected to the receipt in evidence of the two additional sets of interrogatories, and the Board ruled that the proffered testimony of Doctors Fish and Schaible would not be made part of the record. Then, on November 10, 1964, the Board issued a second order in this matter again awarding death benefits to appellee Genevieve L. Wheeler.

Our review of the proceedings which culminated in the Board's refusal to consider Doctor Fish's and Doctor Schaible's testimony has convinced us that the Board

did not err in rejecting this evidence. As we previously indicated, by virtue of a somewhat unusual procedure, it was appellant who obtained a review by the full Board of its initial compensation order. At the review hearing counsel for appellant [7] acquiesced in the very procedure which appellant now seeks to void. The record of the proceedings before the full Board reveals that counsel for appellant agreed that he would submit testimony of Doctor Tatum within thirty days

■ We, therefore, hold that appellant's contention that the Board "did not follow reasonable standards of procedural fair play" in rejecting the testimony of the two physicians is not borne out by the record in this case. In a review proceeding initially obtained by appellant, and one in which appellant's counsel agreed to the procedure followed by the Board, it was not error for the Board to refuse to consider appellant's additional evidence.

■ Appellant also contends that the Board's order granting compensation was "invalid because of the lack of a necessary finding of fact that Mr. Wheeler's fatal coronary attack had been caused by exertion in his employment." As 44.62.510(a) of our Administrative Procedure Act requires that the Board's decision "shall be written and shall contain findings of fact * * *."[8]

In our recent opinion Morrison-Knudsen Co. v. Vereen,[9] we were presented with an issue concerning the duty of the Board to make findings in regard to the issue of whether application for compensation was timely filed. On the record in that case we determined that the matter need not be remanded to the Board for the entry of find-

---

6. At this time the composition of the Board consisted of Joe Kirkbride, Tom Chandler and Lewis Dischner.

7. At this hearing R. J. McNealy appeared as counsel for appellant.

8. See also AS 23.30.125(b), supra note 4 and AS 44.62.570(b) of the Administrative Procedure Act which provides:
   Inquiry in an appeal extends to the following questions: (1) whether the

agency has proceeded without, or in excess of jurisdiction; (2) whether there was a fair hearing; and (3) whether there was a prejudicial abuse of discretion. Abuse of discretion is established if the agency has not proceeded in the manner required by law, the order or decision is not supported by the findings, or the findings are not supported by the evidence.

9. 414 P.2d 536, 539 (Alaska 1966).

ings, although we cautioned that "in future cases coming before the Board, the Board should \* \* \* make findings which disclose the basis for its determination \* \* \*."[10] We reach a similar result here and reaffirm our previous admonition to the Board.

In its second decision of November 10, 1964, the Board, in part, made the following findings of fact:

> Marshall E. Wheeler, 39, suffered a fatal coronary thromboses on July 20, 1962, while employed by the defendant.

> The deceased had changed a tire on the cement mixer truck he operated for the defendant at approximately 8 a. m. and died some two hours later while unloading cement at the Lathrop High School.

> The deceased had a pre-existing arteriosclerosis condition as revealed by the autopsy.

The Board's conclusions of law stated in part:

> The deceased suffered a compensable death under the Alaska Workmen's Compensation Act in that his death was the result of an aggravation of a pre-existing arteriosclerosis condition.

Under the Alaska Workmen's Compensation Act, compensation is payable for "disability or death of an employee."[11] The act defines "death", as a basis for the right to compensation, as a "death resulting from an injury \* \* \*."[12] In turn, the act's definition of "injury" encompasses an accidental "death arising out of and in the course of employment \* \* \*."[13]

In light of this statutory definition of compensable death and the Board's findings of fact and conclusions of law previously alluded to, we conclude that the Board's findings contained in its second decision of November 10, 1964, sufficiently disclose the basis for the Board's determination that Marshall Wheeler's death was compensable.[14]

Appellant's third contention is that the superior court "erred in not remanding this case to the Board because the record on which the Board based its decision was garbled and unintelligible."[15] This same argument was addressed to the superior court when the matter was before that court on appeal. The superior court rejected appellant's argument and in its memorandum opinion wrote in part as follows:

> However, this Court is unable to agree with plaintiff's assessment of the transcript of that testimony as useless to the January 17, 1964, Board's determination. Dr. Fischer's testimony is intelligible on an overall basis to this Court and there is no reason to believe it to have been any less intelligible to the Board. His autopsy findings are clearly set forth and his opinion that there was causation is clearly stated. Indeed, plaintiff apparently found the transcript intelligible enough to form the basis for his interrogatories to Dr. Tatum.

> The various errors in the transcript are neither so grave or so extensive as to move this Court to declare, as a matter of law, that said transcript could not give the Board, as composed on January 17,

10. Morrison-Knudsen Co. v. Vereen, supra note 9, at 539.

11. AS 23.30.010.

12. AS 23.30.265(9).

13. AS 23.30.265(13).

14. This conclusion is further buttressed if the Board's findings in its first compensation order of September 25, 1963, are considered together with the findings in question. See note 3 supra.

15. As to the requirement of a record in regard to proceedings before the Alaska Workmen's Compensation Board, AS 44.-62.450(d) of the Administrative Procedure Act provides:
    > The proceedings at the hearing shall be reported by a phonographic reporter or recorder, or other adequate means of assuring an accurate record.
   See also AS 23.30.135(b) of our compensation act which was amended in 1965 to provide as follows:
    > All testimony given during a hearing before the board shall be recorded, but need not be transcribed unless further review is initiated.

1964, an intelligible view of Dr. Fischer's testimony and opinion at the October 1962 hearing.

■ We are of the opinion that the superior court was correct in its evaluation of quality of the transcription of the proceedings and in particular the transcript of Doctor Fischer's testimony and, therefore, conclude that the superior court did not err in declining to remand the case to the Board because of an asserted defective transcript.

One other aspect of appellant's position in this appeal warrants discussion. In its brief appellant has also argued that "there is no substantial evidence that Mr. Wheeler's death was caused by his employment, because the testimony of Doctor Fischer on this point was in the form of a transcript which was completely garbled and unintelligible and there was no other testimony offered by the claimant on this point."

In Thornton v. Alaska Workmen's Compensation Board, [16] we held that in deciding such questions our function was to determine whether

> * * * in the light of the whole record that finding is supported by substantial evidence, that is, such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.[17]

Also pertinent is that portion of our opinion in Northern Corp. v. Saari [18] where we said:

> In other words, if the accidental injury or death is connected with any of the incidents of one's employment, then the injury or death would both arise out of and be in the course of such employment.

In Thornton,[19] we held that the presence of a pre-existing disease does not preclude recovery if employment "aggravated, accelerated, or combined with the disease or infirmity to produce the death or disability for which compensation is sought."

■ In view of our holdings in Thornton and Northern Corp., and upon consideration of the whole record, we are of the opinion there is substantial evidence in the record to support the Board's determination that Marshall Wheeler's death was compensable.

In his autopsy report Doctor Walter R. Fischer (a pathologist) concluded that the cause of Marshall Wheeler's death was "Recent and Fresh Myocardial infarcations" due to "Coronary Arteriosclerosis with Thromboses." At the October 13, 1962, hearing before the Board, Doctor Fischer testified the decedent sustained a thrombosis to his right coronary artery within eight to eighteen hours before his death and that within "hours" of his death the decedent sustained a second thrombosis to his anterior descending coronary artery. Doctor Fischer further testified that the decedent's pre-existing heart condition of arteriosclerosis with thromboses, together with the evidence of recent and fresh myocardial infarcations, could "quite definitely" have been aggravated by "exertion or over exertion." In addition to this expert's testimony, appellee furnished testimony from other witnesses as to decedent's activities during the morning work hours immediately prior to his death. These witnesses testified to the mental and physical strain decedent was exposed to as an incident of his employment as a cement truck driver for appellant on the morning of his death.

For the foregoing reasons the Board's compensation order of November 10, 1964, and the superior court's affirmance thereof is affirmed.

16. 411 P.2d 209, 210 (Alaska 1966).

17. See also Morrison-Knudsen Co. v. Vereen, supra note 9, a recent decision citing the test stated in Thornton and collecting, in footnote 15, applicable authorities.

18. 409 P.2d 845, 846 (Alaska 1966).

19. Supra note 16, 411 P.2d at 210.