**ARMY AND AIR FORCE EXCHANGE SERVICE**
and
**Insurance Company of North America**
v.
**Hon. Raymond E. NEUMAN, Deputy Commissioner, Seventh Compensation District, and Elderene Sanders Hawkes.**

No. 12463.

United States District Court
W. D. Louisiana,
Alexandria Division.

Sept. 12, 1967.

Lemle & Kelleher, New Orleans, La., for plaintiffs.

Edward L. Shaheen, U. S. Atty., L. H. Harris, Asst. U. S. Atty., Shreveport, for defendants.

EDWIN F. HUNTER, District Judge:

This is an appeal by Army and Air Force Exchange Service, as employer, and Insurance Company of North America, as its insurance carrier, seeking reversal of a compensation order of defendant Deputy Commissioner awarding compensation benefits to Elderene Sanders Hawkes, hereinafter referred to as "claimant."

The Deputy Commissioner found that claimant, an employee of the Exchange Services at England Air Force Base, Alexandria, Louisiana, had sustained injuries to her back on March 19, 1962, and July 7, 1964, both of which resulted in periods of temporary total disability; that the employer had furnished medical treatment for the first but not the second injury; and that, though *medically* claimant had reached the point where she could work part-time, nevertheless she was completely disabled *economically*, since there was no evidence that part-time employment was actually available to her which she might be able to perform on the basis of her particular training and experience.

The sole issue pertains to the Deputy Commissioner's finding of continuing total disability for *compensation* purposes, though the disability seems something less than total in *medical* terms.

The sole question presented is whether the record, considered as a whole, supports the Deputy Commissioner's finding that the claimant's injury of July 7, 1964, has resulted in a continuing temporary total disability. If this finding is so supported, the Commissioner's order stands. Universal Camera Corp. v. National Labor Relations Board, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951).

Plaintiffs, claimant, the Deputy Commissioner, and all doctors whose expert testimony was taken are all in agreement that *medically* the claimant's disability is not total, but amounts to somewhere between 10% and 20%. Plaintiffs' real disagreement with the Deputy Commissioner's decision is with his finding that this medical disability results in a continuing total economic disability, and it is this finding that plaintiff must establish is unsupported by substantial evidence.

It is indisputable that under the Longshoremen's and Harbor Workers' Compensation Act, one may be less than totally disabled physically and yet be totally disabled economically, which latter disability is the standard to be used for compensation purposes. Eastern S. S. Lines, Inc. v. Monahan, 110 F.2d 840 (1 Cir. 1940); Lazerivich v. Hughes, 189 F.Supp. 533 (1960). Earning power is a function not of physical or economic circumstances alone, but of both together and in concert. The Commissioner here found that,

"* * * there is indication that the claimant has reached maximum improvement and that her ability to work is only partially impaired, but * * * that the claimant, being physically capable of performing only part-time work, has been denied part-time employment by the employer, and that there has been no showing that part-time employment (within her physical limitations) would reasonably be available to her in an occupation for which she is trained and qualified * * *"

and therefore awarded benefits for disability to earn her accustomed living. From claimant's own testimony, from the fact that her former employer refused to hire her part-time, and from the Commissioner's knowledge of the economic situation in claimant's area, it appears that there was substantial evidence on which the Commissioner based his decision.

Perhaps it would not quite be correct to state what the Deputy Commissioner implied, that the burden is on the defendants to demonstrate that as a practical matter claimant can get a suitable job and is therefore not disabled from earning her living. But as a practical matter such is not far from the true burden defendants should have borne before the Deputy Commissioner. If the claimant had the burden of proof to establish that her employment in a position commensurate with her now lessened abilities was implausible, she would have the burden of proving a negative fact—something the law rarely, if ever, imposes. Should she seek employment for a day to establish the negative fact that she cannot find it? Two days? A week? A month? Clearly, the only meaningful way to position the parties in such a situation would be to require the party of interest to prove the positive fact—to require her employer to prove she could be employed. This her employer failed to do. But regardless of what hypothetical burden of proof defendants failed to meet, the Court is of the clear and confirmed opinion that the Deputy Commissioner's finding was supported by substantial evidence, that he followed the law correctly, and that his decision should be upheld.

The Court is mindful of plaintiffs' argument that, once awarded compensation on a continuing basis, the claimant may never again seek a position. But in these matters some trust in human nature is both realistic and required by law. There are myriads of employee's compensation laws, state and federal, and the same argument would go against applying any of them. But the policy of every state, and the federal government, is no longer that the threat of starvation or burdening one's family be the ultimate, merciless incentive to work regardless of physical or economic disability. Rather, public policy is, and wisely, that employees injured performing their duties and claiming compensation in good faith should be awarded compensation. This woman was so injured, did so claim, and should be helped by the statutes designed to help her. Surely, should by chance or good fortune a suitable position come her way, she will accept it.

The Deputy Commissioner's decision is affirmed.