Virgil HEWING, Appellant,

v.

ALASKA WORKMEN'S COMPENSATION BOARD et al., Appellees.

No. 1625.

Supreme Court of Alaska.

July 27, 1973.

Ernest Z. Rehbock, Anchorage, for appellant.

Jesse C. Bell, Atkinson, Conway, Young, & Bell, Anchorage, for appellees.

Before RABINOWITZ, C. J., and CONNOR, ERWIN and BOOCHEVER, JJ.

## OPINION

RABINOWITZ, Chief Justice.

While working as a cement finisher for Peter Kiewit & Sons, Co. on August 5, 1969, appellant Virgil Hewing injured his back and left forearm when the platform on which he was working collapsed and fell to the ground. Hewing filed a timely application for adjustment of his claim with appellee Alaska Workmen's Compensation Board, seeking an award for permanent partial disability.

Thereafter, the Board conducted a hearing on Hewing's claim at which he and his wife were the only witnesses. At the time of the hearing, appellant was 56-years old and had only a first-grade education. Except for a few unskilled, heavy labor jobs, Hewing had worked exclusively as a cement finisher or mason since 1951, having had no special training for any other occupation. With the exception of performing a few household tasks, he had not worked since the accident because he continued to suffer pain as a result of his injuries. Appellant's physician evaluated his disability at 10 percent of "the whole man," but stated appellant would be unfit to continue his cement masonry profession. Hewing had applied for vocational rehabilitation under an Alaska Labor Department Program on-the-job training in agricultural work, but he had not been accepted for the program at the time of the hearing. Based on the record before it, the Board concluded Hewing had suffered a 25 percent "loss of use of the man as a whole" and directed that compensation be awarded in conformity with this conclusion.

Pursuant to AS 23.30.125(c),[1] Hewing sought an injunction against the Board's award, arguing that the award was not supported by substantial evidence nor based upon the proper criteria for determining the degree of disability. The superior court, however, concluded that substantial evidence supported the 25 percent disability award, affirmed the Board's decision, and denied appellant's request for an attorney's fee for legal services rendered in connection with his appeal. In his appeal to this court, Hewing argues that the superior court erred in affirming the Board's decision for the same reasons which make the Board's decision allegedly infirm. He also contends that the superior court abused its

1. AS 23.30.125(c) provides in part:
   If not in accordance with law, a compensation order may be suspended or set aside, in whole or in part, through injunction proceedings in the superior court brought by a party in interest against the board and all other parties to the proceedings before the board.

discretion in denying his request for attorney's fees relating to his appeal.

■ This court has consistently maintained that while we will not vacate findings of the Workmen's Compensation Board if supported by substantial evidence,[2] our scope of review is not so limited where the Board's decision rests on erroneous legal foundations.[3] Hewing's two-pronged attack on the Board's decision and the superior court's affirmance thereof fits within both of these categories of review. He urges that the Board did not rate his disability according to proper criteria and that the Board's 25 percent disability rating is not supported by substantial evidence.

■ Our review of the record has convinced us that the findings of fact filed by the Board in regard to its disability determination do·not permit us to intelligently review the two assertions advanced by appellant.[4] We have often discussed the necessity for, and the character of, findings of fact which the Board is required to make under the Alaska Administrative Procedure Act.[5] In Manthey v. Collier,[6] a case based upon the forerunner of AS 44.-62.510(a), we held:

The written decision of the Board contains no such findings. We interpret section 19 of the Administrative Procedure Act to require such findings. The Board abused its discretion in failing to follow the mandate of the act. The superior court should have, in the proper exercise of its review jurisdiction, set aside the Board's order and remanded the case for adequate findings. In not doing so, the court committed reversible error.[7]

In the instant case, the Board failed to make any specific findings of fact with respect to the degree of appellant's permanent partial disability, choosing instead to frame its rating in the written decision. We are unable to determine from the language of the Board's decision whether the Board employed the proper criteria in evaluating appellant's permanent partial disability.

■ AS 23.30.190 governs compensation for permanent partial disability. Since Hewing's ailments are not "scheduled" injuries within AS 23.30.190(1)–(19), the formula for determining his disability is prescribed by paragraph (20):

[I]n all other cases in this class of disability the compensation is 65 percent of the difference between his average weekly wages and his wage-earning capacity after the injury in the same employment or otherwise, payable during the continuance of the partial disability . . . .[8]

2. *E. g.*, Anderson v. Employers Liab. Assurance Corp., 498 P.2d 288, 289–290 (Alaska 1972) ; Wilson v. Erickson, 477 P.2d 998, 999 (Alaska 1970) ; Keiner v. City of Anchorage, 378 P.2d 406, 411 (Alaska 1963).

3. *E. g.*, Anchorage Roofing Co., Inc. v. Gonzales, 507 P.2d 501, 503 (Alaska 1973) ; Laborers & Hod Carriers Union, Local 341 v. Groothius, 494 P.2d 808, 812 (Alaska 1972).

4. While appellant has not specifically argued that the Board's findings are inadequate, we consider this point because the error is manifest on the face of the record. *See* Brown v. Northwest Airlines, Inc., 444 P.2d 529, 532 (Alaska 1968) ; Manthey v. Collier, 367 P.2d 884, 889 (Alaska 1962) ; Brown v. Alaska Indus. Bd., 15 Alaska 625, 629, 224 F.2d 680, 682 (9th Cir. 1955).

5. *E. g.*, Brown v. Northwest Airlines, Inc., 444 P.2d 529 (Alaska 1968) ; Fischback & Moore of Alaska, Inc. v. Lynn, 430 P.2d 909, 912 (Alaska 1967) ; Alaska Redi-Mix, Inc. v. Alaska Workmen's Compensation Bd., 417 P.2d 595, 597–598 (Alaska 1966) ; Morrison-Knudsen Co. v. Vereen, 414 P.2d 536, 539 (Alaska 1966).

Findings of fact supporting compensation awards must be made pursuant to AS 44.62.510(a) and 44.62.570(b).

6. 367 P.2d 884 (Alaska 1962).

7. *Id.* at 889.

8. AS 23.30.265(10) defines "disability" as "incapacity" because of the injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment.

And, as we held in Manthey v. Collier,[9] since Hewing's injuries come within the purview of the "other cases" provision, the Board's award

> must be supported by an ultimate finding that the claimant has suffered . . . a decrease in his [wage-]earning capacity.

In turn, the determination of wage-earning capacity is prescribed by AS 23.30.210(a):

> In a case of partial disability under § 190(20) . . . the wage-earning capacity of an injured employee is determined by his actual earnings if the actual earnings fairly and reasonably represent his wage-earning capacity. If the employee has no actual earnings or his actual earnings do not fairly and reasonably represent his wage-earning capacity, the board may, in the interest of justice, fix the wage-earning capacity which is reasonable, having due regard to the nature of his injury, the degree of physical impairment, his usual employment, and any *other factors* or circumstances in the case which may affect his capacity to earn wages in his disabled condition, including the effect of disability as it may naturally extend into the future. (Emphasis added.)

The wording of AS 23.30.210(a) is substantially identical with that of 33 U.S.C. § 908(h) of the Federal Longshoremen's and Harbor Workers' Compensation Act. Courts have applied 33 U.S.C. § 908(h) to require compensation boards to consider the employee's age, education, industrial history, trainability, and availability of suitable work in the community as being "other factors" affecting earning capacity.[10] Consideration of these "other factors" will, in our view, ensure a fair determination of wage-earning capacity in those circumstances where the employee has no post-injury earnings or when the Board determines that post-injury earnings do not accurately represent earning capacity. Elaborating on Manthey v. Collier,[11] we hold that the Board in this case should have supported its ultimate finding of decrease in wage-earning capacity with subsidiary findings relating to the other factors and circumstances referred to in AS 23.30.210 (a), since appellant had no post-injury earnings and since the Board implicitly rejected his total lack of earnings as fairly representing earning capacity.

■ In the instant case, the Board failed to make adequate findings relating to the criteria in AS 23.30.190(20) and AS 23.30.210(a). A formal "finding of fact" on the extent of appellant's permanent partial disability was not made. Nor did the Board ever employ the statutory term "wage-earning capacity" in assessing disability. Instead, in the body of the Board's decision, it was stated:

> [W]e feel [appellant] has incurred permanent partial disability equal to 25 percent *loss of use of the man as a whole.* (Emphasis added.)

9. 367 P.2d 888–889 (interpreting ACLA § 43–3–1(H), a similarly worded forerunner of AS 23.30.190(20)).

10. *E. g.*, American Mut. Ins. Co. v. Jones, 138 U.S.App.D.C. 269, 426 F.2d 1263, 1265–1266 (1970); Watson v. Gulf Stevedore Corp., 400 F.2d 649, 653 (5th Cir. 1968), cert. denied, 394 U.S. 976, 89 S.Ct. 1471, 22 L.Ed.2d 755 (1969); Army and Air Force Exch. Serv. v. Neuman, 278 F.Supp. 865, 867 (W.D.La. 1967).

State cases applying these factors to determine the extent of permanent partial disability include Surratt v. Gunderson Bros. Eng'r. Corp., 259 Ore. 65, 485 P.2d 410, 415–417 (1971); Benedict v. Fox, 192 Pa.Super. 197, 159 A.2d 756, 758 (1960).

*See also* 2 A. Larson, Workmen's Compensation Law § 57.21 (1970).

11. With respect to subsidiary findings in permanent partial disability situations, we required in *Manthey* that:

> This ultimate finding [of decrease in earning capacity] must, in turn, be based upon basic fact findings which relate to inability to earn wages, as evidenced by proof of a disparity between wages earned before and after the injury was sustained, and to the claimant's physical condition. 367 P.2d at 889.

Serious conceptual differences exist between the "whole man" and "earning capacity" theories of disability.[12] Under the whole man theory, the primary criteria governing disability awards are physiological and psychiatric. This theory challenges the concept, basic to Alaska's workmen's compensation law, that unscheduled partial disability awards should be made for economic loss, not for physical injury as such.

■ The Board's inadequate consideration, under AS 23.30.210(a) of the availability of work which appellant could perform may indicate that its "whole man" terminology reflects an improper emphasis upon physical injury. The availability of work in the employee's community which he can perform in his injured condition is an important determinant of earning capacity.[13] With regard to appellant's ability to work, the Board noted: (1) that he was a 56-year-old man with no special training and only a first-grade education; (2) that he had performed only cement masonry and heavy, manual labor for 20 years preceding his injuries; (3) that his physician found him unfit to perform cement masonry work; and (4) that his back injury caused him pain even when performing housework. One permissible inference from these notations is that appellant was able to perform only light, unskilled work. No evidence was presented that work suited to appellant's capabilities was regularly and continuously available in his Anchorage community.[14] Further, the Board failed to consider the availability of suitable work or to make a subsidiary finding on this factor.

In rating appellant's disability, the Board may have considered the availability of a Labor Department vocational rehabilitation position. Even if an injured employee's rehabilitation potential may be considered,[15] the Board's oblique reference to rehabilitation prospects does not make clear what weight was given to this factor. Moreover, the Board's oblique reference to rehabilitation prospects do not make clear what weight was given to this factor.

Since we hold the Board's findings of fact inadequate to permit review, we must remand this case to the superior court with directions to remand to the Board for further proceedings in accordance with this opinion.[16]

FITZGERALD, J., not participating.

12. See 2 A. Larson, Workmen's Compensation Law § 57.10 (1970); Manthey v. Collier, 367 P.2d 884, 888–889 n. 15 (Alaska 1962). Compare, Saslow v. Rexford, 395 P.2d 36, 42–43 (Alaska 1964).

13. See, e. g., American Mut. Ins. Co. v. Jones, 138 U.S.App.D.C. 269, 426 F.2d 1263, 1265–1266 (1970); Flores v. Bay Ridge Operating Co., 131 F.2d 310 (2d Cir. 1942); Eastern S. S. Lines, Inc. v. Monahan, 110 F.2d 840, 842 (1st Cir. 1940); Perini Corp. v. Heyde, 306 F. Supp. 1321 (D.R.I.1969); United Fruit Co. v. Cardillo, 104 F.Supp. 81 (S.D.N.Y. 1952). See also J. B. Warrack Co. v. Roan, 418 P.2d 986, 988 (Alaska 1966).

14. We do not decide in this case whether the burden of establishing the availability or unavailability of suitable employment rests upon the claimant or the employer. However, we note that while courts hesitate to impose inflexible burden-of-proof rules on administrative agencies, the law rarely requires a party to prove a negative fact (i. e. the unavailability of suitable work). For contrasting views on this issue, see Flores v. Bay Ridge Operating Co., 131 F.2d 310, 311 (2d Cir. 1942); Eastern S. S. Lines, Inc. v. Monahan, 110 F.2d 840, 842 (1st Cir. 1940); Perini Corp. v. Heyde, 306 F. Supp. 1321, 1325–1326 (D.R.I.1969); Army and Air Force Exch. Serv. v. Neuman, 278 F.Supp. 865, 867 (E.D.La.1967); 2 A. Larson, Workmen's Compensation law § 57.61, at 88.16–17 (1970).

15. See 2 A. Larson, Workmen's Compensation Law § 57.33 (1970).

16. In light of our holding we also remand the case to the superior court for determination of a reasonable attorney's fee to be awarded appellant for legal services rendered in connection with his appeal to the superior court.