## NEWPORT NEWS SHIPBUILDING AND DRY DOCK COMPANY, Petitioner,

v.

## DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, and Jesse W. Chappell, Respondents.

No. 78–1248.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 10, 1979.

Decided Feb. 23, 1979.

Junius C. McElveen, Jr., Washington, D. C. (Robert H. Joyce, Chicago, Ill., Jeffrey R. Cooper, Washington, D. C., Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., Vincent F. Ewell, Newport News, Va., on brief), for petitioner.

Ralph Rabinowitz, Norfolk, Va. (Rabinowitz, Rafel & Swartz, Norfolk, Va., on brief), for respondent.

Mary A. Sheehan, U. S. Dept. of Labor, Washington, D. C. (Carin Ann Clauss, Sol. of Labor, Laurie M. Streeter, Associate Sol., Washington, D. C., on brief), for respondent, Director, Office of Workers' Compensation Programs.

Before WINTER, HALL and PHILLIPS, Circuit Judges.

K. K. HALL, Circuit Judge:

The employer appeals from a decision of the Benefits Review Board which found the claimant to be totally and permanently disabled and awarded benefits under the Longshoremen's and Harbor Workers' Act, 33 U.S.C. § 901 et seq. The employer contends that the Board erred as a matter of law both in reversing the administrative law judge's determination that the disability was temporary and in putting the burden on the employer to show availability of other work which the claimant could perform. We disagree and affirm.

Claimant Jesse W. Chappell, a welder, ruptured a lumbar disc in a work-related accident on May 23, 1974. He underwent surgery and in the following two years had extensive therapy and treatment, as evidenced by the medical reports submitted at the administrative hearing. Between October 1974 and February 1976, claimant returned to work from time to time as the employer attempted to eliminate the most strenuous tasks from his job; however, back pain forced him to quit entirely on February 13, 1976. The parties agree that claimant is totally disabled from performing his regular work as a welder.[1]

### I.

The employer contends that the ALJ's finding of temporary disability was supported by substantial evidence and the Board, whose scope of review is limited, 33

---

[1]. The ALJ and the Board so found, and we sustain this conclusion as supported by substantial evidence.

Claimant was 47 years old at the time of the hearing. He had an eighth grade education and had spent all of his working years at heavy labor. He had no trade or skill other than welding.

U.S.C. § 921(b)(3), erred in reversing that finding. The Board in turn contends that the ALJ failed to consider the applicable standard of *Watson v. Gulf Stevedore Corp.*, 400 F.2d 649 (5th Cir. 1968), *cert. denied*, 394 U.S. 976, 89 S.Ct. 1471, 22 L.Ed.2d 755 (1969) and thus it was free to evaluate the evidence de novo in light of this standard. *Watson* provides that

an employee [is] permanently disabled when his condition has continued for a lengthy period, and it appears to be of lasting or indefinite duration, as distinguished from one in which recovery merely awaits a normal healing period.

*Id.* at 654.

All of the medical evidence presented demonstrates that claimant will never regain normal back function or be free of the pain—admittedly fluctuating in degree—which results from his condition. The only evidence relied on by the ALJ in making his decision that the disability was temporary was an early medical report of Dr. Young, dated July 23, 1975, in which he stated that "I only hope that some type of [light] employment could be found for [claimant]." [2] However, the same doctor qualified this report six months later, stating on December 16, 1975 that "[u]nfortunately, this man will remain a chronic problem for us medically. . . ." Other doctors' reports showed the disability to be permanent. Dr. Abboudi stated on June 15, 1976 that, although claimant had worn a back brace full time for 6–8 months, he still had pain and could not do any "heavy weight lifting, bending, [or] prolonged sitting or standing . . . ;" Dr. Urbaniak reported on July 26, 1976 that [claimant] will continue to have intermittent discomfort in his lower back . . . he can possibly be improved by epidural steroid injections, and . . . a transcutaneous stimulator may very well be helpful, [but] . . . his prognosis for returning to any type of heavy work is poor." Finally, Dr. Urbaniak noted on September 23, 1976 that "[claimant] *has*

*reached maximum recovery* and certainly is improved with the injection and the stimulator. However, I do not feel he can return to the work of a welder. . . ." (Emphasis added)

We agree with the conclusion of the Benefits Review Board that under the *Watson* standard claimant is permanently disabled. His condition has continued for a lengthy period—more than 2 years at the time of the hearing and 4½ years to date. The treating doctors all agreed that the condition is chronic, and there is no evidence that "recovery awaits a normal healing period." Indeed, in the last medical report in the file the doctor opined that maximum recovery had been reached.

*Cherry v. Newport News Shipbuilding and Dry Dock Co.*, 8 BRBS 857 (1978), relied upon by the employer, does not compel a different result. There the Board affirmed the decision of the ALJ that the claimant was temporarily disabled, where the ALJ relied on recent medical reports and videotapes which showed the claimant working on his car. Here the decision of the ALJ, who relied on one preliminary statement made almost a year before the hearing and failed to evaluate the medical evidence in light of the applicable standard, was correctly reversed.

## II.

In the hearing below the ALJ followed the rule first articulated in *Perini Corp. v. Heyde*, 306 F.Supp. 1321 (D.R.I.1969):

The burden is on the employer to establish that an employee injured in the course of his employment who proves he is disabled from his regular employment has actual opportunities to obtain other work.

*Id.* at 1325–26.[3] The employer contends that this rule is ill-considered in light of the Administrative Procedure Act, 5 U.S.C. § 556(d), which provides that "the proponent of a rule or order has the burden of proof." The argument, of course, is that

---

**2.** As the Benefits Review Board noted, this statement has no bearing on the question of whether claimant's disability is temporary or permanent. Rather, when read in context, it merely supports the determination that claim-

ant is totally disabled from doing his regular work as a welder.

**3.** Every court deciding this issue has been in accord with *Perini*. *E. g., American Steve-*

the employee seeking to establish eligibility for benefits is the "proponent" of a disability finding and thus assumes the burden of proof, including the burden on the alternative employment issue.

We do not read the statutory scheme to have this effect. A claimant seeking an award for total disability must prove that he is disabled by reason of his industrial injury from performing his regular employment. Having shown such a disability, the claimant is entitled to an award under the Act [4] unless the employer alleges that he is substantially and gainfully employable. Then the burden shifts to the employer, the proponent of a finding of *less* than total disability, to prove that alternative employment is available. Thus the *Perini* rule accords with the Administrative Procedure Act; and the workability of the rule is demonstrated by its applicability in the analogous social security benefits area. *E. g., Long v. Califano*, 451 F.Supp. 273 (S.D. W.Va.1978). Finally, as a practical matter, if a claimant had the burden of proof on the alternative employment issue, he "would have the burden of proving a negative fact—something the law rarely, if ever, imposes." *Army and Air Force Exchange Service v. Neuman*, 278 F.Supp. 865, 867 (W.D.La.1967).[5]

Although we accept the *Perini* rule as a correct statement of the burden of proof, we must define the scope of that burden. The authorities provide few guidelines as to what may constitute "actual opportunities to obtain other work." We think the employer must demonstrate that "there [are] jobs available in the local economy which the claimant, considering his age, past experience and disability, [is] capable of performing." *Hicks v. Gardner*,

393 F.2d 299 (4th Cir. 1968) (social security benefits case). This construction accords with the Act's emphasis on disability as an economic, rather than purely physical, concept. 33 U.S.C. § 902(10). We find support for our view in *Army and Air Force Exchange Service v. Neuman, supra*, where the court spoke of the "economic [job] situation *in claimant's area . . . .*" 278 F.Supp. at 867 (emphasis added).

Having determined that claimant was unable to perform his regular work, and that the burden of proof properly lay with the employer to demonstrate that other employment opportunities were available to him, we sustain the conclusion of the ALJ and the Board that the employer's burden was not met. Therefore, the decision of the Benefits Review Board is

AFFIRMED.

---

*dores, Inc. v. Salzano*, 538 F.2d 933 (2d Cir. 1976); *Diamond M. Drilling Co. v. Marshall*, 577 F.2d 1003 (5th Cir. 1978). One judge from this circuit has termed the *Perini* rule "well-established." *Haughton Elevator Co. v. Lewis*, 572 F.2d 447, 451 (4th Cir. 1978) (Winter, J., concurring). *Cf. Army and Air Force Exchange Service v. Neuman*, 278 F.Supp. 865 (W.D.La.1967).

**4.** *See American Mutual Ins. Co. of Boston v. Jones*, 138 U.S.App.D.C. 269, 272, 426 F.2d 1263, 1266 (1970).

**5.** "Should [claimant] seek employment for a day to establish the negative fact that [he] cannot find it? Two days? A week? A month? Clearly, the only meaningful way to position the parties in such a situation would be to require the party of interest to prove the positive fact—to require [the] employer to prove [he] could be employed." *Id.*