LUIGI LUPOLI *vs.* ATLANTIC TUBING COMPANY.

DECEMBER 29, 1920.

PRESENT:   Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)   Workmen's Compensation Act.   Appeal.*

Where under the Workmen's Compensation Act, the only question before the court is as to the legal effect of certain admitted facts, the question is one of law, which is subject to review on appeal.

*(2)   Workmen's Compensation Act.   Permanent Total Disability "Odd Lot" Doctrine.*

On petition of the employee under the Workmen's Compensation Act, the issue was in regard to the permanency and duration of the total disability

and petitioner also sought commutation of future payments. Petitioner presented no testimony and medical testimony tended to show the probability that the character of disability might change to a partial disability.

*Held,* that to entitle employee to commutation on the basis of permanent total disability, the burden of proof that such total disability will probably continue for a period of not less than 500 weeks from date of injury is on the employee.

*Held,* further that the application by the trial court of the "odd lot" doctrine to the petition of the employee was error and that petitioner was entitled only to a decree for weekly payments based on the finding of present total disability with the right to review by either party from time to time under Section 14 of the Act.

PETITION under Workmen's Compensation Act. Heard on appeal of respondent and appeal sustained.

STEARNS, J. This is an appeal from the decree of the Superior Court in proceedings under the Workmen's Compensation Act. Petitioner, who was an unskilled laborer, while engaged in his regular work in operating a machine, on the 26th of October, 1918, caught his right hand in the machine and as a result of the accident lost two phalanges of his second finger and part of his first finger. His wages were eighteen dollars a week. In accordance with a verbal agreement, respondent has been and still is paying petitioner as compensation under the act the sum of nine dollars per week and in addition thereto has paid to him the sum of nine dollars per week for twelve weeks as special compensation for the loss of a finger. On March 31, 1920, Lupoli filed in the Superior Court a petition under the Workmen's Compensation Act in the usual form in which he alleges the matter in dispute between the parties is the nature and extent of the injuries and the duration of the time of incapacity; petitioner claims he is unable to follow his former occupation, that of unskilled laborer, because he has no use of his right hand; that his lack of knowledge of the English language is such as to preclude him from filling any clerical position and his physical condition is such as to preclude him from performing any manual labor, and that therefore he is totally incapacitated permanently. In the papers of

the case there is also a petition for commutation of future payments (Sec. 25, Art. II). Although this latter petition has no file mark of the court thereon, it appears that respondent accepted service of both petitions on said March 31st and presumably both petitions were filed on the same day. The two petitions were heard together by a justice of the Superior Court, June 2, 1920. The petitioner testified in his own behalf and cross-examination was waived. The respondent then presented the testimony of but one witness, Dr. Jones, who examined petitioner March 1, 1920, at the request of respondent. Petitioner stated that he was still receiving from his employer his weekly compensation under the act; that he had been unable to work since the accident because his injured hand was too weak; that the doctor who attended him at the time of the accident had operated on the hand and that he felt some improvement in the hand but not much.

Dr. Jones testified that petitioner had lost a portion of some of his fingers on one hand and that the ring finger on the same hand was stiff and more or less useless. There was no injury to the arm. The hand could be improved by an operation which was not serious after which it would be four or five weeks before petitioner could use the hand very much again; that in a general way petitioner would have as a laborer a disability in the injured hand of about fifty per cent; the injured hand would not be good for ordinary hard labor and petitioner would have to do some work where he could use his other hand more and the injured hand to a lesser degree. No question was raised as to the nature of the injury, the sole issue was as to the probable duration of the incapacity to work.

The trial justice ruled that, as there was no evidence before the court that the man could get a job anywhere and as respondent had not furnished him with work and had presented no evidence that it could furnish him with work, it followed that petioner was one of the "odd lot" kind; that the burden was on the employer to procure a job for the man

and having failed to do so, as far as the general labor market was concerned, on the evidence it was a case of total and permanent disability.

The trial justice did not file his decision in writing with the clerk of the court (Sec. 6) but on June 11, 1920, by direction of the court a decree was entered whereby it was adjudged and decreed that petitioner was permanently totally disabled; that he was entitled to receive of respondent for the statutory period of five hundred weeks the weekly sum of nine dollars (less the time elapsed since the accident for which weekly payments had been made); that the payment of a lump sum in lieu of all future weekly payments would be for the best interest of petitioner, who therefor was entitled to receive from respondent $3,175, being the total sum of future payments payable to him in accordance with the act, capitalized at their present value.

From this decree respondent appeals on the ground that the finding that petitioner is permanently totally disabled is without any evidence to support it, is erroneous and against the law.

(1) We think the trial justice erred and the appeal should be sustained. As the only question before the court was as to the legal effect of certain facts which were not questioned by either party, it thus appears in this case that the question decided by the lower court was one of law which is subject to review on appeal. (Art. III, Sec. 7) *Jillson* v. *Ross*, 38 R. I. 145; *Collins* v. *Cole*, 40 R. I. 66. The compensation act by Section 11 makes provision for compensation for injuries which result in partial incapacity for work. By Section 10, as amended by Public Laws, Chapter 1795, provision is made for compensation for total incapacity for work, the duration of which is temporary or uncertain and also for permanent total disability. At the hearing no question was raised in regard to the present and existing total disability of petitioner. That was admitted. The sole issue remaining was in regard to the permanency and (2) duration of the total disability. On this issue petitioner

presented no testimony and the evidence of the physician tended to show the probability that the character of the disability might change from a total to a partial disability. If the disability is total and remains unchanged compensation is given for a period not exceeding in any case five hundred weeks from the date of the injury (Sec. 10 as amended by Chap. 1795). If, however, the disability is partial the rate of compensation is changed and the limit of the period of payment is changed to three hundred weeks from the date of the injury (Sec. 11). By Section 10 it is provided that for the purpose of said section it shall be conclusively presumed that certain injuries enumerated therein resulted in permanent total disability. (The injuries of petitioner do not come within this latter class.) This is the only reference in the act to any presumption either of law or fact in regard to the duration of disability either total or partial. By Section 25 it is provided that either employer or employee after payments under the act have been made for not less than six months may petition the Superior Court for an order commuting the future payments to a lump sum. To entitle the employee to such commutation on the basis of permanent total disability it must be shown to the satisfaction of the court (1) that the total disability will probably continue for a period of not less than five hundred weeks from the date of the injury; (2) that the payment of a lump sum will be for the best interest of the person or persons receiving or dependent upon such compensation. In the case of the petition of the employer (1) that the continuance of weekly payments will, as compared with lump sum payments, entail undue expense or hardship upon the employer, (2) or that the person entitled to compensation has removed or is about to remove from the United States. On the petition for payment in a lump sum of employer or employee, the burden of establishing the right to make payment in such manner is imposed on the moving party. In the case at bar the burden of proof rested upon the petitioner. By continuing the weekly payments,

as the employer is doing, he has the legitimate advantage arising from the expectation that the amount and duration of the payments may be reduced by the partial recovery of petitioner of a capacity for work. Petitioner claims a permenant total disability. Having proven an existing and present total disability, as there is in this case no presumption of the duration thereof the burden rests upon the person alleging it, in this case the petitioner. In the case at bar had the employer sought to terminate or to diminish the weekly payments on the ground that the total disability of the employee had by the improvement in the condition of the employee now become only a partial disability, the legal principle often referred to as the "odd lot" in the labor market would have been applicable. *Cardiff Corporation* v. *Hall*, 1 K. B. (1911) 1009; *Ball* v. *Coulthard & Co. Ltd.*, 12 B. W. C. C. 312. Broadly stated this rule is, that if the effects of the accident have not been removed, it is not sufficient to entitle an employer to have a reduction in the weekly compensation ordered by the court, that it appears the workman has the physical capacity to do some kind of work different from the general kind of work he was engaged in at the time of the accident, but it must also be shown that the workman either by his own efforts or that of his employer can actually get such work. In other words the burden is on the employer, the moving party, to show that the workman can get a job. The respondent does not question this principle and is now paying and is willing to continue for the time being the weekly payments. But as the employer is not seeking to change the existing status, the "odd lot" doctrine is not applicable on this petition of the workman for commutation of future payments and it was error in the trial court to so apply it.

The decree appealed from is erroneous. Petitioner is entitled to have a decree entered for weekly payments based on the finding of present total disability.

As this court after hearing may affirm, reverse or modify the decree of the Superior Court (Sec. 11) petitioner may

present a decree to this court for allowance on or before the fifth day of January, 1921, in accordance with our findings, with provision therein that said decree after entry may be from time to time reviewed by the Superior Court upon the application of either party as provided by Section 14 of the act.

*William C. H. Brand, Joseph Veneziale,* for petitioner.

*William A. Gunning,* for respondent.