Asadoor Berberian
vs.
General Fire Extin-        W. C. A. No. 1031.
guisher Co., et al.

October 8, 1930.

BAKER, J. Heard on petition for commutation.

Upwards of a year ago the Court heard a petition of the same general nature as the one now before it. A rescript was then filed setting out the facts of the matter fully and denying the petition. At that first hearing a physician, testifying on behalf of the respondent, said that in his opinion the petitioner's left hand, if given rest, would gradually improve so that he could use it. No particular time was fixed for the recovery and it was intimated that the petitioner should remain out of work for at least a year.

The injury in this case happened about three and a half years ago, and the petitioner has done very little work since. He is now receiving $12.87 a week on the basis of total disability. The testimony shows that for the last year or more, following the opinion of the respondent's doctor, he has permitted his left hand to rest and has done no work in the hope that he could

obtain the use of it again. He himself testifies that the injury is now no better and that there has been little change. A physician placed on the stand in his behalf gave evidence that, in his judgment, the petitioner has a permanent injury which will not improve and that he is permanently and totally incapacitated.

A physician of high standing, the same who testified at the first hearing on behalf of the respondent, says that petitioner is not permanently and totally disabled and that he would expect some improvement in the future, although he fixes no particular time for this, and that he thinks the petitioner will be able to earn money.

It has been decided (*Lupoli* vs. *Atl. Tubing Co.*, 111 Atl. Rep: 766) that a petitioner, in order to be entitled to commutation of payments, has the burden of showing, first: that the total disability will probably continue for a period of not less than 500 weeks from the date of the injury; second: that the payment of a lump sum will be for the best interest of the person or persons receiving or dependent upon such compensation.

Considering the second point first, the Court is very clearly of the opinion that the petitioner has sustained the burden in that regard. It appears in this case that he desires a lump sum payment in order that he may purchase an interest in a market in Somerville, Massachusetts, which is operated by men of his own nationality. It would seem that by so doing he could obtain an income of from $25 to $30 a week, together with an allowance for food and a chance to obtain profits from the operation of the market. The petitioner himself has had previous experience in this line of business. The petitioner is married and has several children and obviously finds it practically impossible to support them on $12.87 a week.

The Court was very favorably impressed with the appearance and manner of testifying of the partner in the market, who came from Somerville, Massachusetts, to give his testimony. The Court believes that the petitioner here has a chance to better himself and his dependents in a way that does not often come to one in his condition.

The difficult question in the case relates to the probable length of time during which the total disability will continue. On this issue the evidence is conflicting. The Court feels that the opinion of the doctor testifying on behalf of the respondent is entitled to considerable weight. However, having in mind the history of the injury in this case, the other testimony presented for the Court's consideration and the length of time which has elapsed since the injury, during which while there has been some improvement in the petitioner's condition it has not been material enough to permit him to work, the Court after considerable thought has come to the conclusion that on the whole he has sustained the burden of showing that the total disability will probably continue and that the time has now arrived when it should properly grant his request.

The Court finds, therefore, that the petitioner is entitled to commutation of the remaining payments due from the respondent figured on a basis of 500 weeks from the date of the injury.

For petitioner: Edward H. Ziegler.

For respondents: Ralph T. Barnefield.