HENDERSON, Deputy Commissioner, Employees' Compensation Commission, v. PATE STEVEDORING CO. et al.
No. 10394.

Circuit Court of Appeals, Fifth Circuit.
March 17, 1943.

Percy C. Fountain, of Mobile, Ala., for appellant.

D. R. Coley, Jr., Richard H. Inge, and T. E. Twitty, all of Mobile, Ala., for appellees.

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

McCORD, Circuit Judge.

The appeal is from a judgment setting aside and enjoining enforcement of a compensation order of the Deputy Commissioner awarding death benefits to the surviving widow of a longshoreman under the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424, 33 U.S.C.A. § 901 et seq.

On March 2, 1940, from seven o'clock in the morning until the lunch hour, and from after the lunch hour until one-thirty or two o'clock in the afternoon, Otis Hall, a longshoreman employed by Pate Stevedoring Company, was engaged with other workers in unloading bulk salt cake from the hold of a ship docked at the Port of Mobile, upon the navigable waters of the United States. In this work Hall used a pick to break the salt cake so that it could be shoveled into baskets and removed from the hold. After the unloading of the salt cake had been completed, the employer shifted the employees to another hold and put them to work stowing barrels of rosin weighing in excess of five hundred pounds each. When the barrels were lowered into the hold, Hall helped roll them to the place where they were to be set up and stacked. While engaged in rolling one of the barrels, he slumped over the barrel and complained of being sick and of having cramps in the stomach and hands. He was then removed from the vessel to his home. Before the doctor arrived, he was removed to the hospital, but died en route.

Hall had made no complaint of ill health prior to the day of his death, and was apparently well and able. Employees working with him testified that the holds where they were working were hot, and that the breaking of the salt cake and rolling of the barrels of rosin was hard manual labor.

An autopsy revealed that Hall had a pre-existing heart condition, chronic myocarditis. Other findings were of hemorrhagic gastritis, acute dilation of the stomach, bilateral pulmonary edema, chronic cholecystitis, chronic appendicitis, and syphilis. Dr. I. Milton Wise, who performed the autopsy, was of opinion that the cause of death was heart failure—pulmonary edema and myocarditis, "the Cardiac failure being caused by the Acute Hemorrhagic Gastritis and Acute Dilation of the Stomach". The death certificate signed by Dr. H. S. J. Walker states the cause of death as "Myocardial degeneration. Acute gastritis with dilation of stomach."

The Deputy Commissioner found that the hard manual labor and the conditions under which Hall was working materially aggravated his pre-existing heart condition and hastened and precipitated his death by heart failure. After reviewing the record made before the Deputy Commissioner, the District Court found that there was no causal connection between the work performed by Hall and his death, and that there was "no substantial evidence to justify a finding that the work he was performing materially aggravated, hastened, or caused his death". Accordingly, judgment was entered setting aside and enjoining enforcement of the award. Pate Stevedoring Company et al. v. Henderson et al., D.C., 44 F.Supp. 12.

It is clear from the testimony taken before the Deputy Commissioner that the work performed by Hall on the day of his death was strenuous and fast, and that the holds of the ship were warm. The testimony of the two doctors, Walker and Wise, is in part confusing, but consideration of their testimony in the light of the work performed by Hall, and the evidence of fellow workers as to working conditions in the holds of the ship, lends support to the finding that Hall's pre-existing heart condition was aggravated by the work, hastening and precipitating his death. The evidence viewed as a whole does not compel such a finding, however, but neither does it compel a finding that there was no causal connection between the work and the death. The cause of Hall's death was

442

a question of fact to be decided from the evidence by the Deputy Commissioner who is designated by the Compensation Act as the sole trier of facts in such cases. If the evidence is conflicting, if it permits of conflicting inferences, the weighing of the evidence and the drawing of reasonable inferences is for the Deputy Commissioner. On review the court may not treat the matter as one of first impression and substitute its independent findings for those of the Deputy Commissioner, for Congress has provided, and the courts have held, that such findings are conclusive if there is evidence to support them. South Chicago Coal & Dock Co. v. Bassett, 309 U.S. 251, 60 S.Ct. 544, 84 L.Ed. 732; Henderson v. Jones, 5 Cir., 110 F.2d 952; Fidelity & Casualty Co. v. Henderson, 5 Cir., 128 F.2d 1019; Luckenbach Gulf Steamship Co., Inc., v. Henderson, 5 Cir., 133 F.2d 305, decided February 6, 1943; Southern Pac. Co. v. Sheppeard, 5 Cir., 112 F.2d 147.

On this record we think it cannot be said that there is no evidence to support the findings and award. It was error to set aside and enjoin enforcement of the order. The judgment is reversed and the cause is remanded with directions to enter a judgment sustaining the order of the Deputy Commissioner.

Reversed and remanded.