**PITTSTON STEVEDORING CORPORA-
TION et al. v. WILLARD et al.
Civ. 10439.**

United States District Court
E. D. New York.
June 30, 1950.

Purdy, Lamb & Catoggio, New York City, Vincent A. Catoggio, New York City, for plaintiffs.

J. Vincent Keogh, United States Attorney, Brooklyn, N. Y., Nathan Borock, Brooklyn, N. Y., for defendants.

RAYFIEL, District Judge.

This action was brought, pursuant to the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., to vacate and enjoin an award of compensation made by the defendant Deputy Commissioner to the defendant Anthonas Theodorus and her children on account of the death of her husband Gus Theodorus.

The plaintiffs move for summary judgment for the relief demanded in the complaint. The defendant Deputy Commissioner moves by cross-motion for an order affirming his award and dismissing the complaint.

It is not disputed that on January 12, 1949, the day of his death, Gus Theodorus, was employed by the plaintiff, Pittston Stevedoring Corporation, as a stevedore; that on that day he was working in the hold of the S. S. City of Alma; that he commenced work at about 8 a. m., loading cases weighing about 1,200 pounds in the No. 3 hatch, and continued doing that work until about 12 o'clock noon, when he went to lunch; that he returned at about 1 p. m., and, with the aid of a fellow worker, began loading cases weighing between 100 and 200 pounds; that he was obliged to work in a stooped position.

At about 1:15 p. m., after prying a case into place, he collapsed; he was taken to the hospital and was pronounced dead on arrival. A post mortem disclosed that he had pre-existing arteriosclerotic heart disease and myocardial fibrosis.

■ There is no doubt that at the time of his death, and during the morning prior thereto, the deceased was performing work which required very severe effort, and I agree with the finding of the Commissioner that this precipitated the heart failure which caused his death.

This question has recently been passed upon by the New York Court of Appeals in the case of Masse v. James H. Robinson Inc., 301 N.Y. 34, 92 N.E.2d 56, 57, in which Chief Judge Loughran held that a widow of an employee who died of coronary occlusion caused by unusual strain and exertion in course of his daily work is entitled to workmen's compensation death benefits even though the injury was not attributable to a particular accident or extraordinary event arising out of his employment.

Judge Loughran stated: "Perhaps we have heretofore as matter of law denied claims for workmen's compensation in cases that cannot be easily distinguished from the one now in hand. * * * But such variations represent no difference as to what is the right basis for decision of controversies of the present kind. Whether a particular event was an industrial accident is to be determined, not by any legal definition, but by the common-sense viewpoint of the average man."

■ A lengthening line of recent cases in that court stands for the proposition that a heart injury, such as coronary occlusion or thrombosis, when brought on by overexertion or strain in the course of daily work is compensable, though a pre-existing pathology may have been a contributing factor. See also Hoage, Deputy Commissioner v. Employers' Liability Assur. Corp., 62 App.D.C. 77, 64 F.2d 715; Commercial Casualty Ins. Co. v. Hoage, Deputy Commissioner, 64 App.D.C. 158, 75 F.2d 677; Hoage, Deputy Commissioner v. Royal In-

demnity, 67 App.D.C. 142, 90 F.2d 387; Henderson, Deputy Commissioner v. Pate Stevedoring Co., 5 Cir., 134 F.2d 440.

Accordingly plaintiffs' motion is denied and the defendants' cross-motion is granted. The complaint is dismissed and the award of the Deputy Commissioner is affirmed. Settle order on notice.