Fletcher WADE, Plaintiff,

v.

Raymond E. NEUMAN, Deputy Commissioner, Department of Labor, Bureau of Employees' Compensation of the Seventh Compensation District, Defendant.

Civ. A. No. 13631.

United States District Court
E. D. Louisiana,
New Orleans Division.

June 3, 1964.

Frank S. Bruno, New Orleans, La., for Fletcher Wade.

Gene S. Palmisano, Asst. U. S. Atty., for Raymond E. Neuman.

Lemle & Kelleher, Charles Kohlmeyer, Jr., N. B. Barkley, Jr., New Orleans, La., for T. Smith & Son, Inc.

AINSWORTH, District Judge.

Plaintiff by this action seeks to enjoin the enforcement of a compensation order made by the Deputy Commissioner pursuant to the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S. C. § 901 et seq., and asks for judgment awarding him additional compensation benefits together with medical expenses, attorney's fees and costs.

Both plaintiff and defendant have filed motions for summary judgment; T. Smith & Son, Inc., plaintiff's former employer, has intervened in defendant's motion. Plaintiff contends that the order of the Deputy Commissioner is not supported by substantial evidence and should be reversed; whereas, defendant and intervenor contend that the order is supported by substantial evidence, that there is no genuine issue as to any material fact and that defendant is entitled to judgment as a matter of law under Fed.R.Civ. p. 56.

The Deputy Commissioner in his order of June 17, 1963 rejected plaintiff's claim for additional disability benefits, finding that disability had ceased as of January 6, 1961, as a result of an injury which occurred on June 13, 1960. The claim for the cost of medical examinations and treatment secured by plaintiff from physicians of his own choice was also rejected, the Deputy Commissioner finding that they were not required as a result of the injury of June 13, 1960 and that the employer had provided adequate treatment for the injury.

The sole question for determination of this court is whether the findings of the Deputy Commissioner considered as a whole are supported by substantial evidence. A review of the record and the findings compels us to affirm the Deputy Commissioner. We therefore grant defendants' motion and deny plaintiff's motion.

On June 13, 1960 plaintiff was employed by T. Smith & Son, Inc. as a longshoreman aboard the SS LONG-VIEW VICTORY afloat at the Port of New Orleans. While working in the hold of the vessel on that day plaintiff was injured as a result of a crate of glass, approximately 2,500 pounds in weight, falling into the hold, striking his chest and rendering him unconscious. He regained consciousness at the Ear, Eye, Nose and Throat Hospital, where he was treated by a Dr. Tabari of the Owens-Meade Clinic. X-rays were made of the chest and left shoulder and showed no fractures. The patient was discharged three days later. Plaintiff continued to complain of pain in his chest and upon examination by Dr. Robert J. Meade, a plastic surgeon, of the Owens-Meade Clinic there was noted a thickening in his chest area of the left costal cartilage at the junction of the sternum. On September 19, 1960 exploratory surgery was performed on the patient's chest by Dr. Meade, whose impression at the time was that there was the possibility of a painful tumor in the area of the chest where the thickening occurred. The region was explored and no evidence of traumatic pseudo-arthrosis or bursal formation was found. The post-operative diagnosis was "Traumatic Myositis [inflammation of the muscle tissue] Left Second Costo-Sternal Junction." Dr. Meade, after having seen plaintiff numerous times following surgery, discharged him on January 6, 1961 as able to return to work. Plaintiff was examined and treated by several doctors thereafter until November 1961. On the day of the hearing plaintiff was still complaining of pain in his chest, weakness, loss of sensation on the left side of his body and visual impairment.

The record shows that the following medical experts were called as witnesses:

By claimant: Dr. Edward T. Haslam, orthopedic surgeon, Dr. Joseph E. Schenthal, specialist in internal medicine, and Dr. Robert Joseph Schramal, specialist in chest and blood vessel surgery; by defendant: Dr. Robert J. Meade, special-

ist in plastic surgery, and Dr. John K. Saer, orthopedic surgeon.

There was a sharp conflict in the medical testimony as to whether or not plaintiff was still suffering pain which would preclude his returning to his former occupation as a longshoreman, and as to whether or not additional surgery was necessary. Dr. Meade and Dr. Saer were of the opinion that there was no necessity for an additional operation, although Dr. Saer had recommended a cosmetic type of surgical procedure whereby the lump or prominence on plaintiff's chest would be shaved off, thereby alleviating plaintiff's anxiety. Dr. Haslam and Dr. Schramal were of the opinion that major surgery was indicated, including removal of the cartilage, the site of the injury, and possibly a portion of the adjacent breast bone. Plaintiff has refused to undergo additional surgery because of his fear that he would not survive. There was also a conflict as to whether or not plaintiff was exaggerating his symptoms and whether or not he was capable of returning to heavy laboring work. Dr. Saer and Dr. Meade were of the opinion that the complaints were inconsistent with their examinations of plaintiff and that plaintiff was capable of performing heavy labor; Dr. Schenthal, on the other hand, felt that plaintiff was sincere in relating his complaints and that he was incapable of performing any physical work whatsoever; Dr. Schramal thought that work would be difficult for plaintiff; Dr. Haslam stated that "setting aside any psychogenical functional disorders" from an objective standpoint he could find nothing to say that plaintiff could not return to work.

It is solely within the province of the Deputy Commissioner to resolve the conflict and to determine the weight to be accorded the evidence offered; he is not bound to accept the opinion or theory of any particular medical examiner; he may rely upon his own observations and judgment. Todd Shipyards Corporation v. Donovan, 5 Cir., 1962, 300 F.2d 741.

The scope of judicial review under the Longshoremen's and Harbor Workers' Act is limited. If the Deputy Commissioner's findings are supported by substantial evidence considering the record as a whole, such findings must be sustained. O'Leary v. Brown-Pacific-Maxon, Inc., 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483 (1951); Universal Camera Corp. v. National Labor Rel. Bd., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951). The same standard applies to inferences which may have been drawn by the Deputy Commissioner. Cardillo v. Liberty Mut. Ins. Co., 330 U.S. 469, 67 S.Ct. 801, 91 L.Ed. 1028 (1947); N. L. R. B. v. Walton Manufacturing Company, 369 U. S. 404, 82 S.Ct. 853, 7 L.Ed.2d 829 (1962).

The credibility of both plaintiff and his wife was at issue, inasmuch as they had apparently deliberately testified falsely that plaintiff had earned no money since the time of the injury. A determination of the credibility of witnesses is solely the function of the Deputy Commissioner. Kwasizur v. Cardillo, 3 Cir., 1949, 175 F.2d 235. However, it is unnecessary to resolve whether his findings were affected by his evaluation of the testimony of plaintiff and his wife. There is substantial evidence to support the findings of the Deputy Commissioner, disregarding this particular evidence, that plaintiff was no longer disabled after January 6, 1961.

In regard to plaintiff's claim for reimbursement for medical expenses incurred of his own volition, there is no evidence to show that the employer either refused or neglected to furnish adequate medical treatment within the meaning of Section 907(d) of the Longshoremen's Act; therefore, the findings of the Commissioner in this respect must also be sustained.

Whether or not this court would have reached the same conclusion as the Deputy Commissioner is immaterial. There is sufficient evidence to support his findings and consequently we affirm. Judgment will be entered accordingly.