**PERINI CORPORATION, Plaintiff,**

v.

**Clarence L. HEYDE, Deputy Commissioner, and James H. Reed, Claimant, Defendants.**

**Civ. A. No. 4075.**

United States District Court
D. Rhode Island.

Dec. 11, 1969.

Robert W. Lovegreen, Providence, R. I., for plaintiff.

Lincoln C. Almond, U. S. Atty., Providence, R. I., William J. Gearon, Asst. U. S. Atty., and Leavenworth Colby, Special Asst. Atty. Gen., Dept. of Justice, Washington, D. C., for defendant Heyde.

Bruce G. Tucker, Providence, R. I., for defendant Reed.

OPINION

*Statement of Case*

PETTINE, District Judge.

The matter before the court is a complaint to review and set aside an order filed by the defendant Deputy Commissioner pursuant to the provisions of the Longshoremen's and Harbor Workers' Compensation Act of March 4, 1927, 44 Stat. 1424 as amended 33 U.S.C. § 901 et seq.[1]

A compensation order was entered by the deputy commissioner awarding the defendant claimant benefits for temporary total disability resulting from an employment injury sustained by the claimant on January 19, 1967.[2]

1. James H. Reed, Claimant, was added as a party-defendant on the granting of his motion to intervene as one who had a direct legal interest in the pending litigation.

2. THE COMPENSATION ORDER

The compensation order complained of reads, in pertinent part, as follows:

Such investigation in respect to the above-entitled claim having been made as is considered necessary and a hearing having been duly held in conformity with the law, the Deputy Commissioner makes the following:

FINDINGS OF FACT

1. That on January 19, 1967, James H. Reed, hereinafter referred to as the "employee" or the "claimant", was in the employ of the Perini Corporation at Newport, Rhode Island, in the First Compensation District established under the provisions of the Longshoremen's and Harbor Workers' Compensation Act;

2. That the liability of the employer for compensation under the said Act was insured by the Standard Fire Insurance Company;

3. That on said date the employee herein while performing service for the employer as a laborer on Pier 1–W of the Jamestown Bridge under construction over the navigable waters of the United States, sustained personal injury, resulting in disability, when he was pulling up a water pump in a hole in a coffer dam and had severe pain in his low back, causing a low back strain and a ruptured lumbar disc at the L5–S1 interspace on the right;

4. That the injury arose out of and in the course of employment;

5. That written notice of the injury was not given the employer within thirty days, but that the employer had knowledge of the injury and has not been prejudiced by the lack of such written notice;

6. That the employer furnished the claimant with medical treatment, etc., in accordance with the provisions of Section 907 (a) of the Act;

7. That the average weekly earnings of the employee at the time of injury were $134.00;

8. That the employer and the insurance carrier have paid to the claimant for temporary total disability, 26 weeks compensation, covering the period January 20, 1967 to January 23, 1967, inclusive, and again from January 27, 1967 to July 23, 1967, inclusive, at the rate of $70.00 per week, in the amount of $1,820.00; for temporary partial disability, 66⅔ weeks compensation, covering the period July 24, 1967 to October 30, 1968, inclusive, at the rate of $44.66 per week, in the amount of $2,966.70; and for temporary partial disability subsequent to October 30, 1968 continuing compensation at the rate of $44.66 per week.

9. That at the request of the claimant a hearing was held by the Deputy Commissioner on September 25, 1968 and October 30, 1968, to resolve the issue of whether the injury caused total disability beyond July 23, 1967;

10. That at such hearing the Deputy Commissioner received medical testimony of a physician, Dr. Paul T. Welch, who had examined the claimant;

11. That it is the determination of the Deputy Commissioner that the claimant's injury of January 19, 1967 caused total disability beyond July 23, 1967.

Upon the foregoing findings of fact, the Deputy Commissioner makes the following:

AWARD

That the employer, Perini Corporation, and the insurance carrier, the Standard Fire Insurance Company, shall pay to the claimant herein compensation as follows: For temporary total disability, 92⅔ weeks compensation, covering the period January 20, 1967 to January 23, 1967, inclusive, and January 27, 1967 to October 30, 1968, inclusive, at the rate of $70.00 per week, in the amount of $6,470.00. The employer and the insurance carrier having paid the claimant $4,786.70, are directed to pay the balance in the amount of $1,683.30

The issue before the deputy commissioner was the extent of the injury and the disability of the employee on or after July 24, 1967. The plaintiff seeks in this action judicial review of his findings of fact numbered 10 and 11 and the award based thereon contending the former is inaccurate because of incompleteness and the latter is not supported by substantial evidence in the record as a whole.

### Question Presented

The sole question presented in this review proceeding is: Whether the record, considered as a whole, supports the deputy commissioner's findings that the claimant continued to be temporarily totally disabled as a result of his employment related injury.

### Discussion of the Law and its Application to the Facts

The scope of judicial review in cases such as the one at bar is set forth in O'Leary v. Brown-Pacific-Maxon, Inc., 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483 (1951) in which the Supreme Court said:

" * * * The standard, therefore, is that discussed in Universal Camera Corp. v. National Labor Relations Board, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456. *It is sufficiently described by saying that the findings are to be accepted unless they are unsupported by substantial evidence on the record considered as a whole * * *

* * * We do not mean that the evidence compelled this inference*; we do not suggest that had the Deputy Com-

missioner decided against the claimant, a court would have been justified in disturbing his conclusion * * *" (Emphasis supplied)

Similarly with reference to the inference drawn by a deputy commissioner, the Supreme Court in Cardillo v. Liberty Mutual Ins. Co., 330 U.S. 469, 477, 67 S.Ct. 801, 806, 91 L.Ed. 1028 (1947) said:

"In determining whether a particular injury arose out of and in the course of employment, the Deputy Commissioner must necessarily draw an inference from what he has found to be the basic facts. The propriety of that inference, of course, is vital to the validity of the order subsequently entered. *But the scope of judicial review of that inference is sharply limited by the foregoing statutory provisions. If supported by evidence and not inconsistent with the law, the Deputy Commissioner's inference that an injury did or did not arise out of and in the course of employment is conclusive. No reviewing court can then set aside that inference because the opposite one is thought to be more reasonable; nor can the opposite inference be substituted by the court because of a belief that the one chosen by the Deputy Commissioner is factually questionable.*

* * * *It is likewise immaterial that the facts permit the drawing of diverse inferences. The Deputy Commissioner alone is charged with the duty of initially selecting the infer-*

---

which is due and payable forthwith, in one sum, less attorney's fee hereinafter provided.

A fee in the sum of $220.00 is approved in favor of the employee's attorney, Bruce G. Tucker, Esq., Higgins, Cavanagh & Cooney, 170 Westminster Street, Providence, Rhode Island for services rendered the employee in connection with the presentation of his claim and such sum to be a lien upon the compensation, and be paid out of this award.

Subsequent to October 30, 1968, the employer and the insurance carrier

thereafter shall continue payments of compensation in bi-weekly installments at $70.00 per week to the claimant for temporary total disability, less credit for compensation paid for temporary partial disability, subject to the limitations of the Act or until further order of the Deputy Commissioner.

The employer and the insurance carrier shall also furnish the claimant with such additional medical and surgical treatment and hospital care as the nature of the injury and the process of recovery may require.

*ence which seems most reasonable and his choice, if otherwise sustainable, may not be disturbed by a reviewing court. \* \* \*"* (Emphasis supplied)

And in language even more restrictive, the Supreme Court in O'Keeffe v. Smith, Hinchman & Grylls Associates, 380 U.S. 359, 85 S.Ct. 1012, 13 L.Ed.2d 895 (1965) has added:

"The rule of judicial review has therefore emerged that the inferences drawn by the Deputy Commissioner *are to be accepted unless they are irrational or 'unsupported by substantial evidence on the record \* \* \* as a whole.'* \* \* \*"

\* \* \* \* \* \*

"We agree that the District Court correctly affirmed the finding of the Deputy Commissioner. While this Court may not have reached the same conclusion as the Deputy Commissioner, *it cannot be said that his holding* \* \* \* *is irrational or without substantial evidence on the record as a whole* \* \* \*" (Emphasis supplied)

Under these interpretations of the Longshoremen's Act by the Supreme Court of the United States it must follow that if the findings of the hearing officer are supported by substantial evidence contained in the record considered as a whole and if the conclusions therefrom are consistent with applicable law, the order must stand.[3]

The burden is on the plaintiff to show that the evidence before the commissioner does not support the compensation order complained of in the reviewing proceedings.

The concept of disability is not purely a medical question as is urged by the plaintiff in argument to this court. It is an economic one based on a medical foundation. Once the physical character of the claimant to do light work is established the question then evolves as to the degree of physical ability and job opportunity available. The burden is on the employer to establish that an employee injured in the course of his employment who proves he is disabled from his regular employment has

---

3. O'Leary v. Brown-Pacific-Maxon, Inc., *supra,* 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483 (1951); Del Vecchio v. Bowers, 296 U.S. 280, 56 S.Ct. 190, 80 L.Ed. 229 (1935); Crescent Wharf & Warehouse Co. v. Cyr, 200 F.2d 633 (C.A.9, 1952); Liberty Mutual Ins. Co. v. Gray, 137 F.2d 926 (C.A.9, 1943); Contractors P. N. A. B. v. Pillsbury, 150 F.2d 310 (C.A.9, 1945); Lowe v. Central Ry. Co. of N. J., 113 F.2d 413 (C.A.3, 1940); Southern Stevedoring Co. v. Henderson, 175 F.2d 863 (C.A.5, 1949). Holding that logical deductions and inferences drawn by the deputy commissioner from the evidence should be taken as a fact and are not judicially reviewable. Parker v. Motor Boat Sales, Inc., 314 U.S. 244, 62 S.Ct. 221, 86 L.Ed. 184 (1941); South Chicago Coal & Dock Co. v. Bassett, 309 U.S. 251, 60 S.Ct. 544, 84 L.Ed. 732 (1940); Del Vecchio v. Bowers, *supra;* C. F. Lytle Co. v. Whipple, 156 F.2d 155 (C.A.9, 1946); Liberty Mutual Ins. Co. v. Gray, *supra;* Lowe v. Central R. Co. of New Jersey, *supra;* Southern Stevedoring Co. v. Henderson, *supra;* Delta Stevedoring Co. v. Henderson, 168 F.2d 872 (C.A.5, 1948); Contractors P. N. A. B. v. Pillsbury, *supra;* Henderson v. Pate Stevedoring Co., Inc., 134 F.2d 440 (C.A.5, 1943). Even if the evidence permits conflicting inferences, the inference drawn by the deputy commissioner is not subject to review and will not be reweighed.

Burley Welding Works, Inc. v. Lawson, 141 F.2d 964 (C.A.5, 1944); Anderson v. Hoage, 63 App.D.C. 169, 70 F.2d 773 (1934); Pan American Airways v. Willard, 99 F.Supp. 257 (D.C.N.Y.1951). Deputy commissioner findings of fact are presumed to be correct. O'Leary v. Brown-Pacific-Maxon, Inc., *supra;* Voris v. Eikel, 346 U.S. 328, 74 S.Ct. 88, 98 L.Ed. 5 (1953); Crescent Wharf & Warehouse Co. v. Cyr, *supra;* United States Fidelity & Guaranty Co. v. Britton, 88 U.S.App.D.C. 293, 188 F.2d 674 (1951); Walsh Stevedoring Co. v. Henderson, 203 F.2d 501 (C.A.5, 1953); Gooding v. Willard, 209 F.2d 913 (C.A.2, 1954); Charleston Shipyards v. Lawson, 227 F.2d 110 (C.A.4, 1955). Findings of fact must be accepted if supported by substantial evidence in the record considered as a whole. See also Dunn v. Belair, 134 F.Supp. 802 (D.C.R.I.1955).

actual opportunities to obtain other work. This long established idea of disability was enunciated in 1937 in Eastern S.S. Lines v. Monahan, D.C., 21 F.Supp. 535, 537.

> "Under the circumstances here disclosed, of a man who by reason of physical injury and disability could do only a special and very limited class of work, a man left a 'nondescript' in the labor market, *the burden was upon the employer to show the availability of employment."* (Citations omitted-emphasis supplied)[4]

I will now examine the transcript of the hearing before the commissioner on September 25 and October 30, 1968.

The significant testimony of the claimant was as follows:

1. In March, 1967 he underwent an operation on his back to correct a ruptured disc (injured in the course of his employment with the Perini Corporation on January 19, 1967).

2. That though authorized by his doctor to return to light work as of June 19, 1967 for a period of eight weeks, his request for the same was refused by his employer, the plaintiff, because, " * * there was no light duty on the bridge."

3. He took issue with his doctor's advice to return to work on July 24, 1967 contending he was not physically able to do so since he was unable to lift or bend and was in constant discomfort and pain.

(The claimant did state he did seek employment at said time from the plaintiff corporation but was advised he had been laid off).

4. Has not been able to go back to his former work in any capacity for any company; continues to have pain and inability to bend over.

5. Left employment with a gasoline service station when he was unable to pick up a can of oil which he was asked to move by his employer.

6. Though advised to take educational rehabilitation, he has not done so because of financial inability to meet the necessary expenses involved.

7. Has spent the year 1968 hanging around without any prescribed treatment or exercise for his back excepting swimming and push-ups which he did on his own.

8. Other than return to Perini Corporation and the gas station, which was for only a few hours, he made no attempt to obtain light work nor did he place his name on any employment list or seek rehabilitation.

Doctor George R. Horan, an orthopedic surgeon, testified that as of February 19, 1968, the claimant was able to do light work. Dr. Paul Thornton Welch, a neurosurgeon and one of the attending physicians, likewise stated that though the employee was not physically capable of performing his usual work as of Au-

---

4. Southern Stevedoring Co. v. Henderson, *supra*; Gulf Oil Corporation v. McManigal, D.C., 49 F.Supp. 75; Eastern S. S. Lines v. Monahan, D.C., 26 F.Supp. 944; cf. National Lead Co. v. Kingsland, D.C., 74 F.Supp. 985. See also Pistorio v. Einbinder, 122 U.S.App.D.C. 39, 351 F.2d 204; Wade v. Neuman, D.C., 230 F.Supp. 560; Voris v. Eikel, *supra*; Lupoli v. Atlantic Tubing Co., 43 R.I. 299, 111 A. 766; Unora v. Glen Alden Coal Co., 377 Pa. 7, 104 A.2d 104, 33 A.L.R. 122.

"The employer has the burden of adducing evidence from which a finding can be made that the employee has some type of available employment actually and not apparently or theoretically.

"The Social Security Act cases settle the point. 'The claimant sustains his burden by showing that he is unable to return to his former type of work.' Torres v. Celebrezze, 349 F.2d 342, 345 (1st Cir. 1965); Baker v. Gardner, 362 F.2d 864, 868–870 (3rd Cir. 1966); Jarvis v. Ribicoff, 312 F.2d 707, 710 (6th Cir. 1963); Hodgson v. Celebrezze, 312 F.2d 260, 263 (3rd Cir. 1963), further proceedings 357 F.2d 750, 755 [22 A.L.R.3d 430]; Thomas v. Celebrezze, 331 F.2d 541, 546 (4th Cir. 1964); Butler v. Flemming, 288 F.2d 591, 595 (2nd [5th] Cir. 1960)." Defendant Deputy Commissioner's Supplemental Memorandum as argued by Leavenworth Colby, Special Assistant to the Attorney General, Department of Justice.

gust, 1967 and October 21, 1968, he was capable of doing light work as of those dates; vocational rehabilitation was recommended as of February 15, 1968. Dr. Julius Stoll, Jr., a neurosurgeon and attending physician, also stated that the claimant could perform light work and should be trained for a new line of work.

The question is whether or not all this testimony constitutes substantial evidence supporting the findings and inferences from such evidence, of the deputy commissioner and whether the award is in accordance with the law. To put it differently, can it be said that the deputy commissioner's findings of fact and award are wholly unsupported by the evidence, clearly arbitrary or capricious?

It is most obvious that the weight of the medical testimony militates against the deputy commissioner's conclusion of total disability. The medical experts were in complete agreement that Mr. Reed, while unable to perform his usual work, was able to do light duties on the occasions of the various examinations by them.

■■ However, the deputy commissioner was not bound to slavishly render an opinion consonant only with the testimony of the doctors "if rational inferences lead in other direction[s]." The commissioner had the responsibility of selecting, "the more reasonable inference in the light of the evidence as a whole and the 'common sense of the situation.' " [5]

The court does not have the benefit of a well developed transcript nor of the cerebrations of the deputy commissioner in concluding as he did. It may well be that this court would have arrived at a different result but this does not carry the implication that the deputy commissioner's determination was irrational and not in accordance with law based on substantial evidence.

■ The commissioner had the benefit of observing the parties and it was solely within his province to accept or reject all or any part of their testimony according to his judgment. He chose to believe the claimant whose testimony of incapacity and inability to find work stands uncontradicted and though subjective is, nevertheless, entitled to whatever weight the hearing officer saw fit to give to it. Indeed, for the deputy commissioner to have ignored the uncontradicted nature of such evidence which placed the burden of proof on the employer would have been reversible error under the Longshoremen's Act.

■ Even if factual doubts existed, they would have had to be resolved in favor of the employee or his dependent family. This was clearly set forth in Friend v. Britton, 95 U.S.App.D.C. 139, 220 F.2d 820 at 821 where the court stated:

> "Our task is to ascertain whether the Deputy Commissioner's findings are supported by substantial evidence upon the record considered as a whole, (citations omitted) or are inadequate to support his conclusion. Under these decisions the reviewing court will not sustain the administrative findings merely because they are substantiated by some isolated evidence. Our review must also take account of the settled rule that the Act is to be construed with a view to its beneficent purposes. *Doubts, including the factual, are to be resolved in favor of the employee or his dependent family.*" (Citations omitted—emphasis supplied)

In addition, there is the strengthening precedent that an employee's testimony alone is sufficient to sustain an award in his favor—even where there are conflicts in the evidence.[6]

---

5. Todd Shipyards Corporation v. Donovan, 5 Cir., 300 F.2d 741, 742.

6. Independent Pier Co. v. Norton, 54 F. 2d 734, 735 (3rd Cir.) ; Pocahontas Fuel Co. v. Monahan, D.C., 34 F.2d 549, 551; Ryan Stevedoring Co. v. Norton, D.C., 50 F.Supp. 221; Associated Gen'l Contractors of America v. Cardillo, 70 App.D.C. 303, 106 F.2d 327, 329.

**1328**

All of this is as it should be, for the Act must be liberally construed so as to sustain awards if supported by a reasonable "argument" conforming to its humanitarian purposes.

> "It matters not that the basic facts from which the Deputy Commissioner draws this inference are undisputed rather than controverted * * * it is likewise immaterial that the facts permit the drawing of diverse inferences. The Deputy Commissioner alone is charged with the duty of initially selecting the inference which seems most reasonable and his choice, if otherwise sustainable, may not be disturbed by a reviewing court. * * Moreover, the fact that the inference of the type here made by the Deputy Commissioner involves an application of a broad statutory term or phrase to a specific set of facts gives rise to no greater scope of judicial review. * * *" [7]

The scope of this court's authority was well stated in Henderson v. Pate Stevedoring Co., 5 Cir., 134 F.2d 440 at 442.

> "On review the court may not treat the matter as one of first impression and substitute its independent findings for those of the Deputy Commissioner, for Congress has provided, and the courts have held, that such findings are conclusive if there is evidence to support them."

The plaintiff's contention that findings of fact numbered 10 (see supra n. 2) is incomplete is meritorious in that it fails to recite that the testimony of other doctors was also received and that all agreed the claimant could do light work. This court readily concedes that Deputy Commissioner Heyde, in his findings of fact, left much to be desired. By the same token, he cannot be held to the same standards of a court and though we would have welcomed more, the failure to do so is not necessarily fatal. In Travelers Insurance Company v. Belair, 412 F.2d 297, our Circuit Court held:

> "* * * But the contention that the commissioner must be taken to have resolved all disputes or inferences in whatever manner was necessary for his general finding is just another way of denying his statutory obligation to find the underlying facts. It is meritless. If the commissioner's decision is to be affirmed it can be on only one of two bases: either he must have made adequate findings, or the record must be such that the omitted findings were compelled as a matter of law."

In n. 6 of this same case, discussing the presumption of 33 U.S.C. sec. 920(a), the court stated, "Once the employer has satisfied his burden of going forward, either in the course of his or the claimant's case, the presumption falls." (citations omitted).

It appears to this court that the record is clear. There is no doubt the defendant claimant was totally incapacitated from his usual work but that he was able to do light work. The resolution of the debate is whether such light work was available to him. The plaintiff's argument is reduced to the contention that such employment was available because he could have worked in a gasoline station pumping gasoline. This court finds it impossible to so interpret the evidence. Mr. Reed left a gasoline station when he was asked by his employer to pick up a can of oil which he was unable to do.

I can't conceive of this injured employee performing the normal functions of a gasoline station attendant such as changing tires and the legion of incidentals requiring back bending. To borrow a touch of humor in a most serious setting, the claimant in his uncontradicted testimony virtually described himself as a girl in a mini skirt—he could stoop but couldn't bend.

---

7. O'Keeffe v. Smith, Hinchman & Grylls Associates, 380 U.S. 359, 361, 85 S.Ct. 1012, 1014, 13 L.Ed.2d 895 quoting from Cardillo v. Liberty Mutual Ins. Co., 330 U.S. 469, 478, 67 S.Ct. 801, 91 L.Ed. 1028.

In the case at bar, the employer failed to go forward with the evidence. He rested on his cross examination of the defendant which failed to show he could work at the gasoline station, or had other available light work. It must follow this means work within his intellectual as well as physical ability.

 When a man by reason of training capacity and education is no longer able to find a job, then it is necessary for the employer to point out where those jobs are.

As was stated in Unora v. Glen Alden Coal Co., 377 Pa. 7, 104 A.2d 104 at 107:

> "Thus, the determination of total disability is one which requires a consideration and weighing * * * of such factors as the claimant's mental outlook, his industrial background, his education, the occupation, if any, he could perform where his particular physical impairment would not be a total bar, *and whether such work exists.* Where the injured person can handle only a specially-created job, one light of effort and responsibility but laden with rest and comfort * * * *the burden is on the defendant-employer to show that such a job is in fact within reach. If proof of that fact is not presented, the claimant then is entitled to a finding of total disability.*" (Emphasis supplied)

Total incapacity would be meaningless if divorced from such consideration and not evaluated within this context.

In the case at bar, the testimony shows that the plaintiff, Perini Corporation, offered no such work to the claimant nor was any available elsewhere. There is nothing in the record to suggest that work within the physical and intellectual powers of this claimant was available to him.

 The plaintiff has failed to meet its burden of proof. It is the ruling of this court that the compensation order complained of is in accordance with the law.

Judgment for the defendants. The complaint is hereby dismissed.