**AMERICAN STEVEDORES, INC.,**

**and**

**Michigan Mutual Liability Insurance Company, Petitioners,**

**v.**

**Vincent SALZANO, Respondent,**

**and**

**Director, Office of Workers Compensation Programs, Respondent.**

**No. 654, Docket 75–4224.**

United States Court of Appeals, Second Circuit.

Argued March 31, 1976.

Decided July 6, 1976.

---

J. F. Manes, New York City (Minore & Manes, New York City, on the brief), for petitioners.

A. C. Gucciardo, New York City (Israel, Adler, Ronca & Gucciardo, New York City, on the brief), for claimant-respondent.

Francine K. Weiss, Washington, D. C. (William Kilberg, Sol. of Labor, Laurie M. Streeter, Associate Sol., Washington, D. C., on the brief), for respondent, Director, Office of Workmen's Compensation Programs.

Before ANDERSON and MESKILL, Circuit Judges, and OWEN, District Judge.*

OWEN, District Judge:

Petitioners, an employer and its insurance carrier, appeal from a decision of the Benefits Review Board of the United States Department of Labor reversing an order of the Administrative Law Judge which had ruled against the claimant on the question of extended compensation for a work-related injury. Also raised on this appeal is a claim by the petitioners that Sections 10(h)–1 and 10(h)–3 of the amended Longshoremen's and Harborworkers' Compensation Act, 33 U.S.C. §§ 910(h)(1) and (3) violate the Fifth Amendment of the United States Constitution to the extent they retroactively increase benefits for an injury sustained by an employee prior to their enactment.

Claimant Vincent Salzano, a marine carpenter, suffered a myocardial infarction in 1966, which, after a formal hearing, was found to be a compensable injury under the Longshoremen's and Harborworkers' Compensation Act, 33 U.S.C. §§ 901, et seq., by the deputy commissioner. Claimant was awarded temporary total disability benefits from January 4, 1966.[1] The employer made several applications under 33 U.S.C. § 922 for a modification of the deputy commissioner's order, contending that the claimant was no longer totally disabled. Each was denied.

When compensation payments were terminated because the statutory maximum for temporary total disability under the unamended Act had been reached,[2] claimant filed a timely request for a modification of the order of the deputy commissioner, contending that his disability was now permanent and total. After a full hearing at which two doctors testified, the Administrative Law Judge held that claimant was not permanently totally disabled as a result of his heart attack; rather, that his condition had improved. This conclusion was based primarily on the testimony of one Nathaniel Reich, a doctor engaged by the employer, who testified that claimant's electrocardiograms had improved and that claimant was suffering only a "mild partial disability," and was capable of "light or sedentary work." Modification of the compensation award to "total permanent disability" was thereafter refused by the Administrative Law Judge.

The Benefits Review Board, however, ruled "that the Administrative Law Judge erred as a matter of law in finding that the claimant is not permanently and totally disabled within the meaning of the Act." It noted that even Dr. Reich acknowledged that some of the claimant's disability stemmed from the compensable injury as opposed to arteriosclerotic heart disease, and that this permanent disability prevented plaintiff from returning to work as a marine carpenter. The Review Board therefore reversed, stating:

> "The Act makes clear that 'disability' is an economic and not medical concept. 33 U.S.C. § 902(10). Thus, an employee who is only partially disabled in a medical sense may well be permanently and totally disabled under the Act when the claimant's age, education, work experience and the availability of suitable employment are considered."

Two well-established principles mandate affirmance of the Benefits Review Board. The first is the statutory presumption that claims come within the provisions of the Act,[3] and the second is its corollary that once a disability is proven, the employ-

---

* Richard Owen, United States District Judge for the Southern District of New York, sitting by designation.

1. The deputy commissioner had also found that the claimant had a preexisting arteriosclerotic heart disease which was asymptomatic prior to the heart attack and which had not prevented claimant from working as a marine carpenter.

The claimant, 35 years old at the time of the heart attack, was found to have had a tenth grade education and have been employed as a marine carpenter all his industrial life.

2. 33 U.S.C. § 914(m).

3. 33 U.S.C. § 920(a). *See also Swinton v. J. Frank Kelly, Inc.* (D.C.Cir.1976).

er has the burden of showing opportunity for work. *Perini Corp. v. Heyde*, 306 F.Supp. 1321 (D.R.I.1969). Thus, since both doctors were in agreement that claimant suffered at least *some* disability by reason of his original compensable injury, and absent any showing by the employer that even "light or sedentary work" was available for the claimant to perform, the claim is necessarily within the coverage of the Act and the claimant, in economic terms, is "totally disabled" within the meaning of the Act.

■ Two further matters require discussion. The Benefits Review Board declined to rule on petitioners' constitutional claim, holding that it was not timely raised in that petitioners had failed to submit a Notice of Appeal and Petition for Review requesting adjudication of that question. However, petitioners had raised the question before the Administrative Law Judge, who did not reach it because he found in favor of petitioners on the compensation issue.[4] Obviously, being successful below, the Notice of Appeal was not that of the petitioners.[5] Petitioners did however raise the issue before the Benefits Review Board in their responding brief, the procedure envisioned by 20 C.F.R. § 802.211.[6] Thus, the petitioners properly preserved the question on appeal, notwithstanding the Benefits Review Board would not have been the proper forum in which to adjudicate the constitutionality of legislation which they are charged with administering. *Finnerty v. Cowen*, 508 F.2d 979 (2d Cir. 1974); *Panitz v. District of Columbia*, 72 U.S.App.D.C. 131, 112 F.2d 39 (1940); *see also Downen v. Warner*, 481 F.2d 642 (9th Cir. 1973).

■ The challenged amendments to the Longshoremen's and Harborworkers' Compensation Act[7] increase the compensation

4. The Administrative Law Judge noted, however, that an administrative proceeding was not the proper forum in which to adjudicate the constitutionality of legislation. *See infra.*

5. Under 20 C.F.R. § 802.201, petitioners were not interested parties "adversely affected or aggrieved" by the decision.
   *Who may file an appeal.* (a) Party in interest. Any party in interest adversely affected or aggrieved by a decision or order issued pursuant to one of the Acts may appeal such decision or order to the Board by filing a notice of appeal pursuant to this sub-part. Such party shall be deemed the petitioner . . . . 20 C.F.R. § 802.201 (1975).

6. Within 30 days after the receipt of a petition for review, each party upon whom such petition has been served shall submit to the Board a brief, memorandum, or other statement in response thereto. 20 C.F.R. § 802.-211 (1975).

7. (h)(1) Not later than ninety days after the date of enactment of this subsection, the compensation to which an employee or his survivor is entitled due to total permanent disability or death which commenced or occurred prior to enactment of this subsection shall be adjusted. The amount of such adjustment shall be determined in accordance with regulations of the Secretary by designating as the employee's average weekly wage the applicable national average weekly wage determined under section 906(b) of this title and (A) computing the compensation to which such employee or survivor would be entitled if the disabling injury or death had occurred on the day following such enactment date and (B) subtracting therefrom the compensation to which such employee or survivor was entitled on such enactment date; except that no such employee or survivor shall receive total compensation amounting to less than that to which he was entitled on such enactment date. Notwithstanding the foregoing sentence, where such an employee or his survivor was awarded compensation as the result of death or permanent total disability at less than the maximum rate that was provided in this chapter at the time of the injury which resulted in the death or disability, then his average weekly wage shall be determined by increasing his average weekly wage at the time of such injury by the percentage which the applicable national average weekly wage has increased between the year in which the injury occurred and the first day of the first month following the enactment of this section. Where such injury occurred prior to 1947, the Secretary shall determine, on the basis of such economic data as he deems relevant, the amount by which the employee's average weekly wage shall be increased for the pre-1947 period.
   (2) For the purposes of subsections (f) and (g) of this section an injury which resulted in permanent total disability or death which occurred prior to the date of enactment of this subsection shall be considered to have occurred on the day following such enactment date. 33 U.S.C. § 910(h)(1) and (3) (1972).

payable for permanent total disability and death when the compensable injury occurred prior to the effective date of the 1972 amendments. The source of this additional compensation is provided for in section 10(h)(2) of the amended act. 33 U.S.C. § 910(h)(2). A special fund is created to which the federal government contributes 50% and the carriers and self-insurers contribute the remainder, as outlined in 33 U.S.C. § 944(c)(2) (Supp. III, 1973). There is no challenge to Congress' authority to establish the special fund. Rather, petitioners challenge use of the fund for increased compensation for certain preamendment injuries.

However, the constitutionality of retroactive provisions in workmen's compensation type statutes is well established. *National Independent Coal Operator's Ass'n v. Brennan*, 372 F.Supp. 16 (D.D.C.) (three-judge court), *aff'd mem.*, 419 U.S. 955, 95 S.Ct. 216, 42 L.Ed.2d 172 (1974), *U.S. reh. denied*, 419 U.S. 1132, 95 S.Ct. 818, 42 L.Ed.2d 831 (1975); *Price v. All Amer. Engineering Co.*, 320 A.2d 336 (Del.S.Ct.1974). *See also Condor Operating Co. v. Sawhill*, Em.App., 514 F.2d 351, *cert. denied*, 421 U.S. 976, 95 S.Ct. 1975, 44 L.Ed.2d 467 (1975). The constitutional claim is therefore without merit.

■ Finally, it being determined that claimant is disabled within the meaning of the Act, claimant's attorney is entitled to a fee for legal services rendered before the Administrative Law Judge and the Benefits Review Board, as well as for the successful prosecution of this appeal. Application should be made in accordance with the applicable Rules and Regulations. 33 U.S.C. § 928; 20 C.F.R. § 702.132; 20 C.F.R. 802.-203.

The decision of the Benefits Review Board is affirmed. The proceeding is remanded for an appropriate determination as to attorneys' fees.

Affirmed and remanded.